**Dismissed and Opinion Filed July 12, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-13-00315-CV**

**YASEEN EDUCATIONAL SOCIETY, Appellant**
**V.**
**ISLAMIC ASSOCIATION OF ARABI, LTD., Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-11706**

## OPINION

Before Justices Bridges, Lang, and Lewis
Opinion by Justice Lang

In this interlocutory appeal, Yaseen Educational Society appeals the trial court's amended order granting the Islamic Association of Arabi, Ltd.'s, plea to the jurisdiction in Yaseen's suit seeking confirmation of an arbitration award, entitled "Verdict of the Arbitration Committee (Majlis-e-Shari'ah)." The Islamic Association filed a motion to dismiss this appeal for lack of subject matter jurisdiction, arguing: (1) the trial court's amended order is not a final judgment or an appealable interlocutory order; and (2) the 2012 "Verdict of the Arbitration Committee (Majlis-e-Shari'ah)" is not final. In its response to the Islamic Association's motion to dismiss, Yaseen requests, in the alternative, that this Court convert its interlocutory appeal into a petition for a writ of mandamus.

We conclude the 2012 "Verdict of the Arbitration Committee (Majlis-e-Shari'ah)" is not a final arbitration award. The Islamic Association's motion to dismiss this appeal is granted.

Yaseen's request to convert this interlocutory appeal into a petition for a writ of mandamus is denied without prejudice. This interlocutory appeal is dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Yaseen and the Islamic Association are embroiled in a dispute about the ownership and transfer of a mosque, the Yaseen Masjid, and certain assets related to that mosque. As a result of this dispute, the Islamic Association filed suit against Yaseen in district court. However, the parties agreed to dismiss that litigation, and to submit their disputes and claims to binding arbitration conducted by certain Islamic scholars they selected.

The arbitration proceedings began on October 5, 2011. The "Agreement and Contract," which was executed at the beginning of the arbitration, identified certain Islamic scholars who would serve as arbitrators and stated that the decision of the arbitrators would be "sent to the Nizamuddin Markaz, New Delhi, India, and [the parties] [would] agree to and accept whatever decision is taken there by [their] elders based on the decision taken by [the] honorable Islamic scholars." At the conclusion of the initial arbitration hearing, the arbitrators signed a document entitled "Present resolution of the matter and verdict" dated October 5, 2011. This 2011 "Verdict" required the Yaseen Masjid to be transferred by the Islamic Association to Yaseen, and Yaseen was to obtain a 501(c) tax exemption, seek legal advice relating to whether 501(c) tax exemption status was necessary to execute the transfer of the Yaseen Masjid, and furnish a credible surety for the return of money to the Islamic Association. Also, the 2011 "Verdict" required the Islamic Association to retain control of the Yaseen Masjid until it could be legally transferred to Yaseen, to establish a separate account for all donations made to the Yaseen Masjid, and to pay all expenses of the Yaseen Masjid. With respect to the amount of money to be returned, the arbitrators stated they "would have to examine the accounts carefully" after "the Haj."

On March 31, 2012, the arbitration proceedings were reconvened. The Islamic Association did not appear at this proceeding. At the conclusion of the proceedings, the arbitrators signed a document entitled "Verdict of the Arbitration Committee (Majlis-e-Shari'ah)" and dated March 31, 2012. It required the Islamic Association to transfer the Yaseen Masjid and all "important documents, bank accounts, etc.," to Yaseen by April 30, 2012. It also required that the "verdict [] be sent to the Nizamuddin Markaz, and whatever verdict is received from there should be accepted by both [Yaseen] and the [Islamic Association]."

Yaseen sent the 2012 "Verdict" to the Nizamuddin Markaz. On May 7, 2012, Yaseen telephoned Noor Bhai, secretary of Farooq Sahib of the Nizamuddin Markaz. The Islamic Association was not a party to this telephone conversation. Yaseen alleges that the transcript of this telephone conversation demonstrates that the Nizamuddin Markaz orally "approved" the 2012 "Verdict."

Yaseen sent the Islamic Association a copy of the 2012 "Verdict" and informed it of the alleged oral "approval" by the Nizamuddin Markaz. However, the Islamic Association refused to comply with the terms of the 2012 "Verdict."

On October 3, 2012, Yaseen filed its petition to confirm the 2012 "Verdict" it referred to as an arbitration award. The Islamic Association filed its original answer, affirmative defenses, counterclaims, third party claims, and request for temporary and permanent injunctions. Yaseen and the third-party defendants filed a motion to abate and stay the proceedings, and to dismiss the Islamic Association's counterclaims and third-party claims. Then, the Islamic Association filed a plea to the jurisdiction arguing, in part: (1) the 2012 "Verdict" was not final because "[t]he plain language of the arbitration agreement and the March 31, 2012 'award' clearly show that [the Nizamuddin Markaz] in India is the only authority that can make a binding[,] final award" and "[the Nizamuddin Markaz] has made no such verdict or confirmation"; and (2) the

district court did not have subject matter jurisdiction to confirm the 2012 "Verdict" because it involves the interpretation of Islamic law. After a hearing on the parties' motions, the trial court signed an order denying Yaseen's request to confirm the 2012 "Verdict." Then, the trial court vacated that order and signed an amended order that granted the Islamic Association's plea to the jurisdiction and dismissed Yaseen's request to confirm the 2012 "Verdict."

## II. MOTION TO DISMISS THE APPEAL

The Islamic Association filed a motion to dismiss this appeal for lack of subject matter jurisdiction because: (1) the trial court's amended order is not a final judgment or an appealable interlocutory order; and (2) the 2012 "Verdict" is not final. The Islamic Association contends that the 2012 "Verdict" is not final because it states that the final decision must be made by the Nizamuddin Markaz. Also, the Islamic Association argues that a transcript of a telephone conversation is not a written arbitration award as required by section 171.053 of the Texas Arbitration Act (TAA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.0053 (West 2011). Yaseen contends that the Nizamuddin Markaz's approval was not required to be in writing pursuant to section 171.052 of the TAA because the Nizamuddin Markaz was not an arbitrator. Rather, Yaseen contends "it was simply a religious organization that the parties contractually agreed they would send the Arbitration Award to for its approval or disapproval."

### A. Applicable Law

Generally, Texas appellate courts have jurisdiction over final judgments, and such interlocutory orders as the legislature deems appealable by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West Supp. 2012); *Bison Bldg. Materials, Ltd. v. Aldridge*, No. 06-1084, 2012 WL 3870493, *3 (Tex. Aug. 17, 2012). "A judgment is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all

–4–

parties." *Bison*, 2012 WL 3870493, at *3 (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001)) (internal quotations omitted).

An interlocutory order that confirms or denies an arbitration award under the TAA is an appealable interlocutory order. TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(3) (West 2011). However, an appellate court has no jurisdiction over arbitration awards that are incomplete. *Bison*, 2012 WL 3870493, at *4 (discussing *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267 (Tex. 2010) and *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017 (5th Cir. 1990)). Policies disfavoring partial resolution by arbitration preclude appellate intrusion until the arbitration is complete. *Bison*, 2012 WL 3870493, at *5.

An order that partially confirms an arbitration award leaves significant factual and legal issues open for further determination and is interlocutory. *Bison*, 2012 WL 3870493, at *3. A limited rehearing to correct a problem, i.e., when an arbitration award is unclear, incomplete, or contains an obvious error, is not a final decision on the issue, but a deferral of final ruling until the arbitration is complete. *Bison*, 2012 WL 3870493, at *4 (discussing *Werline*, 307 S.W.3d at 270–71). Further, if a trial court remands the case to the same arbitration panel for clarification of its award, the policies disfavoring partial resolution by arbitration would preclude appellate intrusion until the arbitration was complete. *Forsythe Int'l*, 915 F.2d at 1020 n.1. However, an order denying confirmation, re-submitting the case to a different arbitration panel, and stating that it has rejected the award and all bases on which it rested, is appealable pursuant to section 171.098(a) of the TAA. *Werline*, 307 S.W.3d at 270.

### B. Application of the Law to the Facts

The "Agreement and Contract" states

We [] the Yaseen Educational Society, [affirm] with Allah as our witness, that in respect of the conflict that has arisen between us in the matter of Masjid Yaseen, Garland, TX, a meeting is being held with the respected Islamic scholars . . . at the Masjid Yaseen on the night of October 5, 2011[,] to resolve this, and the

decision taken by these honorable gentlemen will be sent to the Nizamuddin Markaz, New Delhi, India, and all of us will agree to and accept whatever decision is taken there by our elders based on the decision taken by these honorable Islamic scholars, and we will not, under any circumstances, resort to any kind of legal action thereafter.

The 2012 "Verdict" states, in part, the following:

This verdict is to be sent to the Nizamuddin Markaz, and whatever verdict is received from there should be accepted by both the [Yaseen Educational Society] and the [Islamic Association], and this matter should not be brought before any Court in the country for personal benefit, and if a Party takes this matter to the Court then we, the Arbitrators, would not be liable for this verdict, and would be exempted from appearing in a Court of Law.

Yaseen filed three supplemental affidavits in support of its motion to confirm the 2012 "Verdict." Each of those affidavits, that of Ghousuddin Syed, Ashfaq Quadri Saheb, and Syed Osman Hussain, attached a transcript of a telephone conversation between Ghousuddin Syed, Ashfaq Quadri Saheb, and Syed Osman Hussain, all of Yaseen, and Noor Bhai, who was identified in the affidavits as the secretary of Farooq Sahib of the Nizamuddin Markaz. Yaseen contends that the transcript of the telephone conversation demonstrates that the Nizamuddin Markaz "approved" the 2012 "Verdict."

The transcript states, in relevant part, the following:

| Syed Osman Hussain: | [T]he verdict that was given by the Nizamuddin [Markaz] in the matter of our mosque . . . so, you people do not wish to send it in writing, so we . . . these people . . . would like to hear from you. |
|---|---|
| Noor Bhai: | What would they like to hear? |
| | . . . |
| Noor Bhai: | Yes. This question which you had kindly asked to Nizamuddin [Markaz] has already been answered a long time ago: that you should sit down together and one party should take it and one party should leave it. Either you can take it, or they can take it. Both of you cannot run it jointly. One party should take it and one party should leave it. This is what we said. When they have sat down together and settled it, [or] have sat down together and taken a decision, then you have to |

implement it. What will Nizamuddin [Markaz] do in that?

. . .

Ghousuddin Syed: Yes, those people told the Arbitration Committee that whatever verdict is made should be sent by them to the honorable gentlemen of the Nizamuddin [Markaz], and whatever instruction is given by them would be implemented by us []. So for this reason[,] our Arbitration Committee has been forced to involve you in this matter, and therefore the verdict that these people gave on the 31st of March . . . has given us the responsibility to present this verdict to your honorable gentlemen at the Nizamuddin [Markaz], and then to act in accordance with whatever directions are given. Therefore, you kindly tell us . . . you have received the verdict of the 31st of March, have you not?

Noor Bhai: Listen, brother. Why would the Nizamuddin [Markaz] deliver a verdict? Instead, we accept the verdict that you gentlemen had sent. That has reached us, and after it reached us, we still adhere to the opinion which we have already stated. There is no requirement from us to contact Nizamuddin [Markaz], because the Nizamuddin [Markaz] has declared its verdict once that you should sit down together and resolve this matter peacefully, and you should abide by your mutual decision in by accord. You should decide that one party should leave it and one party should take it.

Ghousuddin Syed: [T]his verdict or, whatever it is . . . the directions that you honorable gentlemen have given about this, that is stating that it should be implemented . . . who will inform [The Islamic Association]?

. . .

Noor Bhai: The Arbitration Committee will do this! The Nizamuddin [Markaz] will not do this!

Ghousuddin Syed: Well . . . in this . . . the Arbitration Committee has completed its role, and their involvement in this is over. So . . . who should do this now? Should . . . we . . . we speak with [the Islamic Association] and tell [it] this?

Noor Bhai: Now . . . who should do this now? Well, you tell me, what it is that you want.

–7–

. . .

| | |
|---|---|
| Noor Bhai: | Are you asking the Nizamuddin [Markaz] what should be done, or who should do it? |

. . .

| | |
|---|---|
| Noor Bhai: | [N]ow look here . . . [t]he matter stands as I have already stated. You may ask ten times or a hundred times more—the answer you receive will be the same. And do not bother the people of the Nizamuddin [Markaz] again. |

. . .

| | |
|---|---|
| Noor Bhai: | [A]nd the people of the Nizamuddin [Markaz] will just say what they have already said. |

. . .

| | |
|---|---|
| Noor Bhai: | So, [] what is to be done, where it is to be done—these things are up to you or to Allah! What do we know about that? |

. . .

| | |
|---|---|
| Noor Bhai: | This has already been stated by us. Please do not call up repeatedly again. Farewell. |

Before we address the substance of this telephone conversation, we consider Yaseen's contention that the "Agreement and Contract" and the 2012 "Verdict" require "approval" of the 2012 "Verdict" by the Nizamuddin Markaz. We cannot agree with Yaseen. The "Agreement and Contract" states the decision of the Islamic scholars will be sent to the Nizamuddin Markaz and they "agree to and accept whatever *decision* is taken there by our elders." (Emphasis added). Further, the 2012 "Verdict" states that the arbitration award should be sent to the Nizamuddin Markaz and "whatever *verdict* is received from [the Nizamuddin Markaz]," should be accepted by the parties. (Emphasis added). Nothing in these documents states the Nizamuddin Markaz should "approve" or "disapprove" the 2012 "Verdict." Instead, the language states the Nizamuddin Markaz will issue its own "decision" or "verdict." That may or may not be the same as that of the arbitration committee.

Now, we address Yaseen's assertion that the "approval" of the 2012 "Verdict" by the Nizamuddin Markaz is clear from the statement of Noor Bhai in the transcript of his telephone conversation with Yaseen where he said "[W]e accept the verdict that you gentlemen had sent." The Islamic Association argues that this statement by Noor Bhai is taken out of context.[1]

Assuming, without deciding, that Noor Bhai was speaking on behalf of the Nizamuddin Markaz and considering the transcribed conversation in its entirety, we cannot conclude that Noor Bhai stated the Nizamuddin Markaz "approved" the 2012 "Verdict." The portion of the conversation where Noor Bhai said, "[W]e accept the verdict that you gentlemen had sent," is indeed part of a lengthy statement. That statement of Noor Bhai is as follows:

> Why would the Nizamuddin [Markaz] deliver a verdict? Instead, we accept the verdict that you gentlemen had sent. That has reached us, and after it reached us, we still adhere to the opinion which we have already stated. There is no requirement from us to contact Nizamuddin [Markaz], because the Nizamuddin [Markaz] has declared its verdict once that you should sit down together and resolve this matter peacefully, and you should abide by your mutual decision in by accord. You should decide that one party should leave it and one party should take it.

The above statement "You should decide that one party should leave it and one party should take it," was repeated by Noor Bhai in substance at least two additional times during the telephone conversation. Further, while Noor Bhai did not provide any specific directive, he did say "[R]esolve this matter between yourselves peacefully." The statements made by Noor Bhai are ambiguous at best.[2]

On this record, we conclude the absence of an unambiguous "decision" or "verdict" by the Nizamuddin Markaz causes the 2012 "Verdict" to be incomplete. *See Bison*, 2012 WL 387043, at *4. An appellate court does not have jurisdiction to review an incomplete arbitration

---

[1] The Islamic Association also contends that the telephone transcript was not properly authenticated.

[2] We need not and do not address the question raised by the Islamic Association as to whether any transcription of an oral representation made during a telephone conversation meets the requirements of section 171.053(a) of the TAA, which requires an arbitration award be in writing and signed by each arbitrator joining in the award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.053(a).

award. *See Bison*, 2012 WL 387043, at *4 (discussing case that concluded no jurisdiction over arbitration awards that are incomplete). This Court does not have jurisdiction over this interlocutory appeal.

### III. YASEEN'S REQUEST TO TREAT INTERLOCUTORY APPEAL AS A PETITION FOR A WRIT OF MANDAMUS

In Yaseen's response to the Islamic Association's motion to dismiss, Yaseen requests that, if the Islamic Association's motion to dismiss is granted, this Court treat Yaseen's interlocutory appeal as a petition for a writ of mandamus. This Court denies Yaseen's request without prejudice to Yaseen filing a petition for a writ of mandamus that complies with Texas Rule of Appellate Procedure 52.

### IV. CONCLUSION

This Court does not have jurisdiction over this interlocutory appeal because the 2012 "Verdict of the Arbitration Committee (Majlis-e-Shari'ah)" is not a final arbitration award. The Islamic Association's motion to dismiss this appeal is granted.

Yaseen's request to convert this interlocutory appeal into a petition for a writ of mandamus is denied without prejudice to Yaseen filing a petition for a writ of mandamus that complies with Texas Rule of Appellate Procedure 52.

This interlocutory appeal is dismissed.

/Douglas S. Lang/
_____
DOUGLAS S. LANG
130315F.P05                                          JUSTICE

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

YASEEN EDUCATIONAL SOCIETY,
Appellant

No. 05-13-00315-CV     V.

ISLAMIC ASSOCIATION OF ARABI,
LTD., Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-11706.
Opinion delivered by Justice Lang.   Justices
Bridges and Lewis participating.

In accordance with this Court's opinion of this date, appellee ISLAMIC ASSOCIATION OF ARABI, LTD.'s, motion to dismiss this interlocutory appeal is **GRANTED**.

It is **ORDERED** that appellee ISLAMIC ASSOCIATION OF ARABI, LTD., recover its costs of this appeal from appellant YASEEN EDUCATIONAL SOCIETY.

This interlocutory appeal is **DISMISSED**.

Judgment entered this 12th day of July, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

–11–