**Dismissed and Opinion Filed April 24, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00300-CV

### LANCE ARMSTRONG AND TAILWIND SPORTS CORP., Appellants
### V.
### SCA PROMOTIONS, INC., Appellee

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC13-01564**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice FitzGerald

This is an appeal of an order denying the motions of Tailwind Sports Corp. and Lance Armstrong to stay arbitration proceedings or, alternatively, to vacate the order signed by the arbitration panel in which it concluded it had jurisdiction over the arbitration. Appellee SCA Promotions, Inc. has moved to dismiss the appeal for want of jurisdiction. We agree that we lack jurisdiction over this interlocutory appeal and dismiss the appeal for want of jurisdiction.

# I. FACTUAL AND PROCEDURAL CONTEXT[1]

SCA is a business that underwrites prizes and contests. In exchange for the payment of a fee, it accepts the risk of paying monetary prizes or awards based on a competitor's performance in an athletic event. Tailwind[2] is a sports management company that served as Armstrong's management company during certain periods relevant to this dispute. In 2002, SCA and Tailwind's predecessor in interest entered into a contract under which SCA indemnified Tailwind's predecessor in interest for certain incentive compensation offered to Armstrong in the event he was named the official winner of the Tour de France in 2002, 2003, or 2004. A dispute arose concerning SCA's obligation under the contract, culminating in an arbitration proceeding among Armstrong, Tailwind, and SCA that concluded with a settlement agreement and arbitration award that became effective in February 2006.

On February 7, 2013, SCA Promotions filed suit in the trial court alleging that Tailwind and Armstrong procured the settlement agreement and resulting final arbitration award by fraud. SCA sought, among other things, to vacate the arbitration award and settlement agreement, to require Armstrong and Tailwind to disgorge and return the prize money, and to obtain an award of damages and sanctions against Armstrong and Tailwind. Armstrong and Tailwind filed a variety of dispositive motions in the trial court. SCA subsequently moved to reconvene the original arbitration proceeding and requested sanctions and forfeiture against Armstrong and Tailwind. Armstrong and Tailwind objected to reconvening the arbitration, arguing the

---

[1] Although Armstrong and Tailwind have moved to consolidate this appeal with their petition for writ of mandamus in a related case, *In re Tailwind Sports Corp. and Lance Armstrong*, No. 05-14-00252-CV, Armstrong and Tailwind object to consideration of SCA's motion to dismiss the appeal because, despite being well past due, the record has not yet been filed in this appeal. Armstrong and Tailwind have had a full opportunity to brief the jurisdictional issues in this case and have filed an extensive record in the mandamus. The Court takes judicial notice of the mandamus record. *In re Estate of York*, 934 S.W.2d 848, 851 (Tex. App.—Corpus Christi 1996, writ denied) ("[A] court may take judicial notice of its own records in a case involving the same subject matter between the same, or practically the same, parties."). The facts recited in this opinion are not dispositive of the merits of the jurisdictional issue, but rather merely serve to elucidate the context in which the actions of the arbitration panel and trial court arose.

[2] Tailwind's directors took action to dissolve the corporation on December 31, 2007. The current corporate status of Tailwind is not relevant to the jurisdictional issue presented by the motion to dismiss for want of jurisdiction.

arbitration panel lacked jurisdiction to reconvene the proceedings, but the arbitration panel, in an order captioned as a "partial final award on jurisdiction" concluded by majority vote it had jurisdiction to proceed. Armstrong and Tailwind also filed separate motions in the trial court seeking to stay the reconvened proceedings and to vacate the arbitration panel's partial final award on jurisdiction. The trial court conducted oral argument and denied the motions filed by Armstrong and Tailwind.[3] Although the trial court's order does not state grounds for its actions, Armstrong and Tailwind argue that the trial court's order operates not only as a denial of their motions to stay, but also implicitly confirms the arbitrators' partial final award on jurisdiction. Neither the arbitration panel nor the trial court has taken further action in this case and there is neither a final award on the merits by the arbitration panel nor a final judgment in the trial court.

## II. JURISDICTION OVER INTERLOCUTORY APPEALS

Generally, this Court has jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Texas appellate courts have jurisdiction over interlocutory orders or judgments only when a statute permits an interlocutory appeal. *Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Saxa Inc. v. DFD Architecture Inc.*, 312 S.W.3d 224, 227 (Tex. App.—Dallas 2010, pet. denied). The Court never presumes appellate jurisdiction, *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.), and has a duty to inquire as to its own jurisdiction even if the parties do not raise the issue. *Bank of New York Mellon v. Guzman*, 390 S.W.3d 593, 596 (Tex. App.—Dallas 2012, no pet.).

---

[3] Armstrong and Tailwind filed a petition for writ of mandamus challenging the trial court's refusal to stay the arbitration. *See In re Tailwind Sports Corp. and Lance Armstrong*, No. 05- 14-00252-CV. This Court stayed all proceedings in the arbitration pending determination of the petition for writ of mandamus. Today, by separate opinion and order in the mandamus, we have denied the petition for writ of mandamus and have ordered the stay vacated.

### III. APPEAL OF ORDERS DENYING ARBITRATION

Under Texas law, orders denying arbitration may be immediately appealed. *See* TEX. CIV. PRAC. & REM. CODE § 171.098(a)(1) & (2) (West 2011). There is no statutory authority for an interlocutory appeal of an order compelling arbitration, however. *See In re Gulf Exploration, LLC*, 289 S.W.3d 836, 839–40. (Tex. 2009) (orig. proceeding). Tailwind and Armstrong nonetheless argue that this appeal is permissible under the Texas Arbitration Act because the appeal from the trial court's failure to vacate the partial final award on jurisdiction is an appeal from an order "confirming or denying confirmation of an award." TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(3) (West 2011). We need not determine whether the trial court's failure to grant the motion to vacate operated as an order confirming the partial final award on jurisdiction. As a general matter, an arbitration must be complete before appellate review is appropriate. *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 586–87 (Tex. 2012) (dictum extensively discussing Texas Arbitration Act in a case involving Federal Arbitration Act); *Yaseen Educ. Soc'y v. Islamic Ass'n of Arabi, Ltd.*, 406 S.W.3d 385, 389 (Tex. App.— Dallas 2013, no pet.) ("Policies disfavoring partial resolution by arbitration preclude appellate intrusion until the arbitration is complete."). The circumstances of this case do not warrant departure from the general rule.

An appellate court does not have jurisdiction to review an incomplete arbitration award. *Yaseen,* 406 S.W.3d at 392. On its face, the partial final award on jurisdiction signed by the arbitration panel addresses only the question whether the arbitration panel has jurisdiction to resolve the dispute between the parties. It does not finally resolve any of the ultimate disputes between Armstrong, Tailwind, and SCA. It clearly relates only to the preliminary question of arbitrability. It "does not dispose of the substance of the claims." *See Bison Bldg. Materials*, 422 S.W.3d at 586–87. Instead the arbitration panel must still "complete its fact finding and legal

determinations." *Id.* The partial final award on jurisdiction "leaves significant factual and legal issues open for further determination and is interlocutory." *Yaseen,* 406 S.W.3d at 389.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes it lacks jurisdiction over this appeal. Accordingly, the Court **DISMISSES** the appeal for want of jurisdiction.

140300F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LANCE ARMSTRONG AND TAILWIND
SPORTS CORP., Appellants

No. 05-14-00300-CV      V.

SCA PROMOTIONS, INC., Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC13-01564.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Evans participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want
of jurisdiction.

It is **ORDERED** that appellee SCA PROMOTIONS, INC. recover its costs of this appeal
from appellants LANCE ARMSTRONG AND TAILWIND SPORTS CORP.

Judgment entered April 24, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE