**Deny and Opinion Filed July 18, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00904-CV

### IN RE RIGOBERT CHAVEZ, Relator

**Original Proceeding from the County Court at Law No. 5
Dallas County, Texas
Trial Court Cause No. CC-13-06446-E**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice FitzGerald,  and Justice Francis
Opinion by Chief Justice Wright

Relator filed this petition for writ of mandamus challenging the trial court's order staying the suit to allow arbitration to proceed under the Federal Arbitration Act.  Relator contends that there is no enforceable agreement to arbitrate because the arbitration agreement is not mutual and because there was no meeting of the minds with regard to the arbitration provision in his employment contract.

Mandamus is an extraordinary remedy that is available only in limited circumstances. *CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding) (citing *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).  Mandamus is appropriate "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Id.*  Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate

remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004); *Walker,* 827 S.W.2d at 839.

Generally, an arbitration must be complete before appellate review is appropriate. *Bison Bldg. Materials, Ltd. v. Aldridge,* 422 S.W.3d 582, 586–87 (Tex. 2012) (disfavoring "appellate intrusion until the arbitration is complete"); *Yaseen Educ. Soc'y v. Islamic Ass'n of Arabi, Ltd.,* 406 S.W.3d 385, 389 (Tex. App.—Dallas 2013, no pet.) (same). The Supreme Court has concluded that under the Federal Arbitration Act a party may immediately appeal an order hostile to arbitration, whether the order is final or interlocutory, but generally may not appeal an order favorable to arbitration unless the case is entirely dismissed pending arbitration. *See Green Tree Fin. Corp. v. Randolph,* 531 U.S. 79, 86 (2000). As a result, the Texas Supreme Court has determined that mandamus review of orders compelling arbitration is generally not appropriate and that parties who believe they are being erroneously compelled to arbitrate when they have not agreed to arbitration have an adequate remedy by appeal after final judgment. *See In re Gulf Exploration, LLC,* 289 S.W.3d 836, 842 & n.33 (Tex. 2009). ("If a trial court compels arbitration when the parties have not agreed to it, that error can unquestionably be reviewed by final appeal.").

Relator relies on the supreme court's holding in *In re Poly-America, L.P.*, 262 S.W.3d 337, 345 (Tex. 2008) for the proposition that "[m]andamus is the proper means by which to seek review of an order compelling arbitration under the FAA." Since the date of that decision, however, the supreme court has substantially limited the holding in *Poly-America* restricting its approval of the use of mandamus as a remedy for review of orders compelling arbitration to the comparatively rare cases where the legislature has through statute expressed a public policy that overrides the public policy favoring arbitration. The supreme court explained:

> The problem in *Poly–America* was that granting mandamus risked frustrating one statutory imperative, while denying it risked frustrating another. In those rare

–2–

cases when legislative mandates conflict, mandamus "may be essential to preserve important substantive and procedural rights from impairment or loss, [and] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." But such conflicts are few, so the balance will generally tilt toward reviewing orders compelling arbitration only on final appeal.

*In re Gulf Exploration,* 289 S.W.3d at 843 (citation omitted). Relator points to no such statutorily expressed public policy here that would override the general principle that mandamus review is not available for orders compelling arbitration.

Because relator has an adequate remedy by appeal of the trial court's order, he has failed to establish that he is entitled to relief. TEX. R. APP. P. 52.8(a). Accordingly, we **DENY** relator's petition for writ of mandamus.

140904F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE