

NUMBER 13-15-00181-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

## IN RE ORLANDO GALVAN AND EDITH RAMIREZ GALVAN

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion Per Curiam[1]

On April 14, 2015, relators Orlando Galvan and Edith Ramirez Galvan filed a petition for writ of mandamus seeking to vacate an order compelling arbitration rendered on August 25, 2014.

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by the analysis of principles rather than the application of simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

Generally, an arbitration must be complete before appellate review is appropriate. *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 586–87 (Tex. 2012) (disfavoring "appellate intrusion until the arbitration is complete"); *Yaseen Educ. Soc'y v. Islamic Ass'n of Arabi, Ltd.*, 406 S.W.3d 385, 389 (Tex. App.—Dallas 2013, no pet.) (same). The Texas Supreme Court has held that mandamus is "generally unavailable" to review orders compelling arbitration because petitioners can "rarely" show that they lack an adequate remedy by appeal. *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 841–42 (Tex. 2009) (orig. proceeding). "If a trial court compels arbitration when the parties have not agreed

2

to it, that error can unquestionably be reviewed by final appeal." *Id.* at 842. The supreme court explained that the adequacy of an appellate remedy "depends on a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding." *Id.*

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relators have not met their burden to obtain mandamus relief. Specifically, leaving aside the timeliness of this original proceeding, relators have not shown that they lack an adequate remedy by appeal. *See In re Palacios*, 221 S.W.3d at 565; *In re Gulf Exploration, LLC*, 289 S.W.3d at 841–42; *Frontera Generation Ltd. P'ship v. Mission Pipeline Co.*, 400 S.W.3d 102, 114 (Tex. App.—Corpus Christi 2012, no pet.) (combined appeal & orig. proceeding); *see also In re Chavez*, No. 05-14-00904-CV, 2014 WL 3559281, at *2 (Tex. App.—Dallas July 18, 2014, orig. proceeding) (mem. op.). Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
16th day of April, 2015.

3