**DISMISS and Opinion Filed November 8, 2018**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-17-01064-CV

**SM ARCHITECTS, PLLC AND ROGER STEPHENS, Appellants**
**V.**
**AMX VETERAN SPECIALTY SERVICES, LLC, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-11230**

# OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

This is a case of first impression regarding the ability of a party in an arbitration proceeding to appeal an interlocutory order denying a motion to dismiss for failure to file a certificate of merit as required by section 150.002 of the Texas Civil Practice and Remedies Code. Because we conclude the right to interlocutory appeal granted by section 150.002 does not apply to an order rendered by an arbitration panel, and the Texas Arbitration Act (TAA) does not provide a means for judicial review of such an order, we vacate the trial court's order as void and dismiss this appeal for lack of jurisdiction.

On August 5, 2016, AMX Veteran Specialty Services, LLC filed a demand for arbitration with the American Arbitration Association naming SM Architects, PLLC and one of its architects, Roger Stephens, as respondents. AMX stated the nature of the dispute was "professional

negligence against architect and architectural firm; breach of contract; tortious interference with contract; [and] business disparagement." Section 150.002 of the civil practice and remedies code requires that, in any action or arbitration proceeding based on the provision of professional architectural services, the plaintiff must file a certificate of merit affidavit by a third-party licensed architect in support of its claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002. As an attempt to meet this requirement, AMX attached to its arbitration demand an unsigned letter by Bradford Russell of BR Architects & Engineers.

In response to the demand, appellants asserted a general denial and requested a more definite statement of the claims being made. Six weeks later, AMX filed an amended demand for arbitration, removing Stephens as a respondent and setting out the claims against SMA in more detail. SMA answered asserting multiple affirmative defenses, and both SMA and Stephens brought counterclaims for declaratory judgment, breach of contract, and copyright infringement.

On November 10, 2016, the parties mediated the case, but the dispute was not resolved. On December 28, an arbitration panel was appointed and the parties began the discovery process. Three months later, AMX amended its demand for arbitration again to reassert its claims against Stephens. Attached to the second amended demand was a signed certificate of merit affidavit by Russell. The contents of the affidavit were substantially similar to the original unsigned letter, but with added information regarding SMA's alleged negligence. Stephens was not referenced in the affidavit.

Eight months after the arbitration proceedings commenced, appellants filed a motion with the panel to dismiss AMX's claims for failure to comply with the certificate of merit requirement. Appellants contended the unsigned letter submitted with AMX's first demand for arbitration was not an affidavit as required by section 150.002. Appellants further argued the affidavit filed with AMX's second amended demand for arbitration was ineffective because the failure to file an

affidavit contemporaneously with the first-filed complaint could not be cured by amendment and the affidavit did not meet the statute's specific requirements. Because section 150.002(e) states the failure to file a certificate of merit affidavit "shall result in dismissal of the complaint against the defendant," appellants contended dismissal was statutorily mandated. *See id.* The arbitration panel denied appellants' motion to dismiss without a hearing.

Relying on section 150.002(f), which states that "[a]n order granting or denying a motion for dismissal" under chapter 150 is "immediately appealable," appellants filed a notice of appeal stating they wished to appeal the arbitration panel's order to this Court. *See id.* However, because chapter 150 provides no process for appealing an interlocutory arbitration order, appellants stated in their notice that, "out of an abundance of caution" and "to the extent a district court filing, ruling, order, or other action" was required, they were filing suit in district court and requesting the court render an order "entering" the arbitration panel's order so that order could be appealed to this Court. In the alternative, appellants requested the district court vacate the arbitration panel's order. Several weeks later, appellants filed a new motion in district court requesting only that the court vacate the arbitration panel's order under either chapter 150 or section 171.088 of the TAA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a).

AMX moved to dismiss the action in district court for lack of jurisdiction, stating there was nothing in chapter 150 to indicate the legislature intended to confer jurisdiction on the district courts to review an interlocutory order issued by an arbitration panel. With respect to the motion to vacate, AMX argued the TAA authorized vacatur only of final awards and not interlocutory orders. The trial court denied the motion to vacate the arbitration panel's order but stated its order was "a final appealable order." The court additionally stayed the arbitration until further order of the court. Appellants then amended their notice of appeal in this Court to challenge the trial court's order denying the motion to vacate.

AMX has requested this appeal be dismissed on essentially the same grounds urged in the trial court. In response, appellants contend their appeal of the arbitration panel's order is authorized by both the plain language of section 150.002(f) and the TAA, which permits limited judicial review of arbitration awards. In the alternative, they ask us to treat their brief on appeal as a petition for writ of mandamus.

In deciding whether we have jurisdiction to review the merits in this matter, we examine the legislature's decision to apply the certificate of merit requirement, with its right to immediate appeal, to arbitration proceedings. This must be done in the context of the TAA, which contains the legislative grant of court jurisdiction over arbitrations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.081. By enacting section 150.002(f), it is clear the legislature intended to provide parties in a suit before a trial court the right to immediately challenge the court's decision on whether a plaintiff has met the certificate of merit requirement. The issue before us is whether the legislature intended to significantly alter the jurisdictional limitations on courts with respect to arbitration proceedings to allow interlocutory judicial review of the same determination made by an arbitration panel. We conclude section 150.002 does not evidence such an intent.

Because Texas law favors arbitration, judicial review of arbitration proceedings is extraordinarily narrow. *See E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). The court's jurisdiction over an arbitration proceeding is limited to enforcing the agreement to arbitrate and rendering judgment on the panel's award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.081. The filing of an application for an order concerning arbitration invokes the jurisdiction of the court. *Id.* § 171.082(a). But the "orders that may be rendered" include only those within the purview of section 171.086 of the TAA that assist with the arbitration process or involve limited review of a panel award. *Id.* § 171.086. Judicial review of an interlocutory order issued by an arbitration panel does not fall within the scope of section 171.086.

–4–

Similarly, chapter 150 does not provide or create a process for judicial review of an interlocutory arbitration order. The absence of a review process for interlocutory arbitration orders is demonstrated by appellants' actions in this case. After the arbitration panel denied appellants' motion to dismiss, they initially appealed the panel's order directly to this Court. But, as we noted in a letter to counsel, this Court's jurisdiction is dependent on the jurisdiction of the district and county courts within our district, and we do not have direct jurisdiction over arbitration panel decisions. TEX. GOV'T CODE ANN. § 22.220(a) (Supp.).

Appellants then filed suit and obtained an order from the district court refusing to vacate the arbitration panel's order and amended their notice of appeal to challenge that order. Although a trial court may render an order granting or denying a motion to vacate an arbitration panel's decision, it may only do so with respect to an arbitration award. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.086–.088. Here, appellants have attempted to use the process for judicial review of an arbitration award to appeal the interlocutory order at issue arguing "nothing in the TAA precludes the treatment of an interlocutory Chapter 150 order as an 'award.'" We disagree.

Although the TAA does not define the term "award," where a term is undefined, we consider it in context and apply the meaning of its common usage. TEX. GOV'T CODE ANN. § 311.011(a). In addition, where a term has acquired a technical or particular meaning, it is construed accordingly. *Id*. § 311.011(b). Webster's Third New International Dictionary defines "award" as "a judgment, sentence, or final decision," especially "the decision of arbitrators in a case submitted to them." *Award*, WEBSTER'S THIRD NEW INT'L DICTIONARY, 152 (1993). Black's Law Dictionary defines "award" as a "final judgment or decision, esp. one by an arbitrator or by a jury assessing damages." *Award*, BLACK'S LAW DICTIONARY (10th ed. 2014). Both the common and technical meanings of "award" contemplate finality. *See Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied) (arbitration awards

have the same effect as judgments in a court of last resort.) Particularly in the context of the TAA, which seeks to limit the role of the courts, the term "award" cannot be read so broadly as to encompass interlocutory orders – even those that are otherwise immediately appealable. *Cf. Yaseen Educ. Soc'y v. Islamic Ass'n of Arabi, Ltd.*, 406 S.W.3d 385, 389 (Tex. App.—Dallas 2013, no pet.) (appellate court has no jurisdiction over incomplete arbitration award). To allow a party to appeal an interlocutory arbitration panel order in the same manner as an arbitration award would conflict with the TAA's goal of providing an efficient, economical system for resolving disputes and limiting judicial review with its accompanying expense and delay. *See CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002); *Collins v. Tex Mall, L.P.*, 297 S.W.3d 409, 417 (Tex. App.—Fort Worth 2009, no pet).

We recognize the goal of section 150.002, like the TAA, is to increase efficiency in conflict resolution. It does so by providing a means to quickly eliminate patently unmeritorious claims against licensed or registered professionals. *See Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.). Plaintiffs must make a "threshold showing" of the viability of their claims through a certificate of merit or have those claims subject to dismissal. *See M-E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497, 504 (Tex. App.—Austin 2012, pet. denied). But the application of the certificate of merit requirement to an arbitration proceeding does not evince a concomitant intent to expand the court's jurisdiction over the proceeding. Even without the right to interlocutory appeal, a defendant in an arbitration proceeding maintains the benefits of the certificate of merit, which allows both him and the arbitration panel to assess the merits of the plaintiff's allegations early in the process. Section 150.002 is not rendered meaningless with respect to arbitrations simply because a panel's refusal to dismiss claims, like most interlocutory decisions, is not immediately reviewable.

It is noteworthy that, although the certificate of merit requirement was made applicable to arbitration proceedings more than thirteen years ago, we can find no cases in which a defendant in an arbitration proceeding has sought judicial review under 150.002(f). Indeed, the legislative history of section 150.002 does not suggest the legislature intended to expand judicial review of arbitrations. Section 150.002 was amended in 2005 by House Bill 1573. The "Statement of Intent" by the bill's author-sponsor states the bill's purpose was to provide "a more accurate description of today's architecture practice" and "eliminate ambiguities in Chapter 150, Civil Practice and Remedies Code, regarding certificates of merit for design professionals." *See* House Comm. on Bus. & Commerce, Bill Analysis, Tex. H.B. 1573, 79th Leg., R.S. (2005). None of the "ambiguities" noted in the Statement of Intent pertain to arbitration proceedings or the ability of a party in such a proceeding to pursue interlocutory review. *Id*. The statement provides no support, therefore, for significant judicial intrusion into ongoing arbitration proceedings.

The scope of the court's jurisdiction over arbitration proceedings is specifically and narrowly defined by sections 171.081 and 171.086 of the TAA. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.081 & 171.086. If the legislature intended to expand judicial review of arbitration decisions beyond our limited review of arbitration awards, it could have done so by amending these sections. Absent a clear expression of intent to expand the court's jurisdiction, we cannot conclude the legislature intended anything more by its inclusion of arbitration proceedings in section 150.002 than to require plaintiffs in those proceedings to file a certificate of merit. *See id*. § 150.002(a); *see also CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) (we strictly apply statutes granting interlocutory appeals because they are a narrow exception to general rule that interlocutory orders are not immediately appealable).

Because neither section 150.002(f) nor the TAA provides courts with the jurisdiction to review an arbitration panel's denial of a motion to dismiss, the trial court's order on appellant's

motion to vacate the panel's decision is void for lack of jurisdiction. Appellants have requested that, if we determine the right to interlocutory appeal does not apply in this case, we treat their appeal as a petition for writ of mandamus and order the trial court to render judgment dismissing AMX's arbitration claims for failure to comply with section 150.002. Absent court jurisdiction to review the arbitration panel's interlocutory decision, however, there is no further relief we can grant, or action we can compel the trial court to take, with respect to the panel's decision.

Based on the foregoing, we vacate the trial court's order as void and dismiss this appeal for want of jurisdiction.

/Molly Francis.
MOLLY FRANCIS
JUSTICE

171064F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SM ARCHITECTS, PLLC AND ROGER STEPHENS, Appellants

No. 05-17-01064-CV     V.

AMX VETERAN SPECIALTY SERVICES, LLC, Appellee

On Appeal from the 116th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-11230.
Opinion delivered by Justice Francis. Justices Bridges and Lang-Miers participating.

In accordance with this Court's opinion of this date, the order of the trial court is **VACATED AS VOID** and the case is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee AMX VETERAN SPECIALTY SERVICES, LLC recover its costs of this appeal from appellants SM ARCHITECTS, PLLC AND ROGER STEPHENS.

Judgment entered November 8, 2018.