**Reversed and Rendered and Memorandum Opinion filed May 26, 2022.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-20-00275-CV

## INTOWN HOMES LTD. & INTOWN BUILDER GP, LLC, Appellants

### V.

### SUSAN  KNOCHE, Appellee

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2017-11949**

## MEMORANDUM  OPINION

Appellants InTown Homes, Ltd. and InTown Builder GP, LLC appeal the denial of confirmation of an arbitration award.  In one issue appellants argue that "the trial court erred in denying Appellant's Motion for Reconsideration of the Motion to Dismiss or, alternatively, Motion to Confirm Arbitration Award which sought dismissal of Appellee's claims without prejudice."  Appellee Susan Knoche argues that because there is no final arbitration award on the merits of the case, we lack jurisdiction over this appeal.  We reverse and render.

# I. BACKGROUND

Appellee filed suit in the trial court against appellants asserting claims related to the construction of her home. The parties agreed that the claims were subject to an arbitration agreement, and the trial court abated the cause for the parties to arbitrate their claims (initial arbitration). Due to appellee's health issues, the arbitrator signed an order of abatement in the initial arbitration that allowed a certain number of days as an abatement period. At the end of the abatement period, the order provided that if appellee "is unable to proceed with discovery at the conclusion of the additional stay, this matter will be dismissed." After the period of abatement had passed, appellee requested additional time. Citing the order of abatement, the arbitrator dismissed the initial arbitration proceeding "without prejudice to refiling." Appellants then filed a motion to confirm the arbitration award in the trial court and asked the trial court to confirm the arbitrator's award of dismissal without prejudice. Appellee responded arguing that the dismissal without prejudice was not an "award" for purposes of confirmation and attached evidence that appellee had filed a new arbitration case (second arbitration). The trial court denied appellants' motion to confirm the arbitration award. This appeal followed.

# II. JURISDICTION

The parties agree that the Texas General Arbitration Act (TAA) applies to their agreement to arbitrate and on appeal. Appellant argues that the order rendered by the arbitrator dismissing appellee's claims without prejudice is an "award" under the TAA subject to being confirmed by the trial court under that statute. *See* Tex. Civ. Prac. & Rem. Code §§ 171.053, 171.087. Appellee contends that this court lacks jurisdiction because there was no "final arbitration award" subject to being confirmed by the trial court and, therefore, no appealable order under the TAA.

2

## A. General Legal Principles

We must address whether the trial court's order denying confirmation of the arbitration award is appealable. *Bison Bldg. Materials v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012). Generally, unless authorized by statute, Texas appellate courts only have jurisdiction to review final judgments. *Id*. Under the TAA, the denial of confirmation of an arbitration award is appealable by statute. Tex. Civ. Prac. & Rem. Code § 171.098(a)(3) (permitting interlocutory appeal over a trial court order confirming or denying confirmation of an arbitration award). The question here is whether an arbitrator's dismissal without prejudice is considered an "award" under the TAA. If the arbitrator's dismissal without prejudice is considered an "award," then we have jurisdiction. However, if the arbitrator's dismissal without prejudice is not considered an "award," then there is nothing for the trial court to either confirm or deny and, as a result, we lack jurisdiction because the trial court's order would be interlocutory. *See Aldridge*, 422 S.W.3d at 589 (concluding that trial court's order partially confirming and partially remanding an arbitration award was not a final award for purposes of appeal and dismissing for lack of jurisdiction); *SM Architects, PLLC v. AMX Veteran Specialty Sevs., LLC*, 564 S.W.3d 902, 907 (Tex. App.—Dallas 2018, pet. denied) (concluding that because there was no "award" being confirmed or denied, and because arbitrator's the order was merely interlocutory, the appellate court lacked jurisdiction over the appeal).

The TAA provides that an award "must be in writing and signed by each arbitrator joining the award." Tex. Civ. Prac. & Rem. Code § 171.053(a). The TAA further directs a trial court to confirm an award upon application of a party. *See id*. § 171.087. However, the term "award" is not defined in the TAA. *SM Architects, PLLC*, 564 S.W.3d at 905.

3

"We review issues of statutory construction de novo." *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019). "[O]ur primary objective is to give effect to the legislature's intent." *Id.* When a term within a statute is not defined, "[u]nless the context or the statue instructs otherwise, our analysis begins with the plain language of the statute read in context, not in isolation." *Ex parte R.P.G.P.*, 623 S.W.3d 313, 317 (Tex. 2021); *Silguero*, 579 S.W.3d at 59. "The statutory terms bear their common, ordinary meaning, unless the text provides a different meaning or the common meaning leads to an absurd result." *Silguero*, 579 S.W.3d at 59; *SM Architects, PLLC*, 564 S.W.3d at 905. "[W]here a term has acquired a technical or particular meaning, it is construed accordingly." *SM Architects, PLLC*, 564 S.W.3d at 905 (citing Tex. Gov't Code § 311.011(b)).

"We often look to dictionary definitions to shed light on the ordinary meaning of a statutory term." *Silguero*, 579 S.W.3d at 60. Black's Law Dictionary defines "award" as "a final judgment or decision, esp. one by an arbitrator or by a jury assessing damages." *Award*, Black's Law Dictionary (11th ed. 2019); *see also SM Architects, PLLC*, 564 S.W.3d at 905 (referring to Black's Law Dictionary to define "award").

## B.    Analysis

Because award is defined as "a final judgment or decision," the question becomes whether a dismissal without prejudice is considered a final judgment or decision. Under Texas law, the answer is yes. *See Childers v. Advanced Foundation Repair, L.P.*, 193 S.W.3d 897, 898 (Tex. 2006) (holding where suit was dismissed without prejudice and disposed of all parties and claims before it, considered final judgment and appealable); *Villafani v. Trejo*, 251 S.W.3d 466, 468 (Tex. 2008) (denial of defendant's claims for sanctions and dismissal without prejudice of plaintiff's claims against defendant "disposed of all the claims between the two

4

parties. Thus, the trial court's severance and dismissal order on the nonsuit became a final judgment for purposes of appeal." (citation omitted)); *Winter Garden Land Co. v. Zavalla-Dimmit Ctys. Water Improvement Dist. No. 1*, 5 S.W.2d 606, 609 (Tex. Civ. App.—El Paso 1928, writ dism'd w.o.j.) ("So far as the present action is concerned, all of the issues are disposed of, though as to the issues dismissed without prejudice under the fifth paragraph another action could be brought. The judgment should be regarded as final in the appealable sense."); *see also LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976) ("Where the trial court allows the plaintiff to dismiss his action without prejudice, the judgment, of course, qualifies as a final judgment for purposes of appeal.").

Appellee argues that the dismissal without prejudice is not an award because it did not dispose of the substance of the arbitration claims. *See Aldridge*, 422 S.W.3d at 586–87. In *Aldridge*, the defendants sought confirmation of an arbitration award in the trial court. *Id.* at 583. The trial court partially confirmed and partially vacated because "questions of fact" existed and needed resolution before the arbitrator. *Id.* at 584. The supreme court concluded that the order of the trial court was not final because it did not "contain finality language, state that it is a final order, or dispose of all claims and parties." *Id.* at 585. Instead, the court held that the *trial court's* order partially confirming and partially vacating the arbitration award "does not dispose of the substance of the claims, but instead explicitly identifies unresolved issues and, in essence, remands the case to the same arbitrator to compete its fact finding and legal determinations." *Id* at 586–87. Policies disfavoring partial resolution by arbitration precludes appellate intrusion until the arbitration is complete. *Id.* at 587 (citing *Forsythe Int'l., S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1020 n.1 (5th Cir. 1990)).

5

*Aldridge* is distinguishable because there was a lack of finality in the trial court and the arbitration. Here, while appellee asserts that the arbitration is incomplete because she may continue to assert her claims in the second arbitration, her claims are not incomplete as far as the initial arbitration that resulted in the dismissal without prejudice. Appellee does not contend that the arbitrator's dismissal without prejudice failed to dismiss any of the pending claims or issues pending in the initial arbitration. Appellee also does not contend that her claims should be remanded to the initial arbitration and arbitrator to reopen the proceedings, like in *Aldridge*, and instead filed the second arbitration with a new arbitrator, further confirming the finality of the initial arbitration.

Appellee argues that "to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them" and that there can be no "substantive task" remaining to be performed. *See Denver City Energy Assocs., L.P. v. Golden Spread Elec. Co-op., Inc.*, 340 S.W.3d 538, 545–46 (Tex. App.—Amarillo 2011, no pet.). However, as a result of dismissing the claims, there were no remaining substantive tasks for the arbitrator to perform in the initial arbitration.

The text of the TAA does not provide a different meaning. The common meaning does not lead to an absurd result because the trial court is merely confirming what the arbitrator did, dismissing the cause without prejudice. *See Silguero*, 579 S.W.3d at 59. If the dismissal without prejudice is not an award, then appellants would be stuck waiting for either the trial court or appellee to take some action. Appellants may not have recourse to the Rules of Civil Procedure to force such action for fear that they may waive their arbitration provision. *See Perry Homes v. Cull*, 258 S.W.3d 580, 591 (Tex. 2008) (discussing the meaning of "substantially invoking the judicial process" with regard to waiver of an arbitration provision).

Appellants could file another motion to compel arbitration, however, they would have to continue to wait for appellee to file a new arbitration.

Because the arbitrator's dismissal without prejudice is a final judgment under Texas law, it is an "award" under the term's technical and commonly used meaning. *See SM Architects, PLLC*, 564 S.W.3d at 905. We conclude, therefore, that we have jurisdiction over this appeal. *See* Tex. Civ. Prac. & Rem. Code § 171.098(a)(3) (permitting interlocutory appeal over a trial court order "confirming or denying confirmation of an award" under the TAA).

### III. Motion to Confirm Arbitration Award

In appellants' first issue they argue that they filed a motion to confirm the arbitration award and because appellee did not file a motion to vacate, modify or correct the award, the trial court had no discretion but to confirm the award. Appellee argues that because there is no award, there is nothing for the trial court to confirm and, therefore, the trial court did not commit reversible error. Appellee argues that the order of dismissal without prejudice is "interlocutory" in nature and is not final.

Review of an arbitration award is "extraordinarily narrow." *Amoco D.T. Co. v. Occidental Petroleum Corp.*, 343 S.W.3d 837, 841 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Upon application of a party, a trial court "shall confirm" an arbitration award "[u]nless grounds are offered for vacating, modifying, or correcting [it] under Section 171.088 or 171.091." Tex. Civ. Prac. & Rem. Code § 171.087; *see also Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016) ("In sum, the TAA mandates that, *unless* a statutory vacatur ground is offered, the court *shall* confirm the award.").

7

Here, appellants filed a motion to confirm the arbitrator's award arguing that the trial court should confirm the arbitrator's dismissal of appellee's initial arbitration without prejudice and enter an order confirming that disposition and dismiss appellee's case before the trial court without prejudice. Appellee filed a response but, as appellee admits, did not offer any statutory ground for vacating, modifying, or correcting the award. Instead, appellee argued that there was no award to confirm.

As we addressed above, we conclude that the dismissal without prejudice is an "award" under the TAA. Because the TAA mandates confirmation of the award unless a statutory ground is offered to vacate, modify, or correct, and appellee failed to offer such a statutory ground, we conclude the trial court erred in denying confirmation of the award. *See Hoskins*, 497 S.W.3d at 494; *First Tex. Homes, Inc. v. Provost*, 622 S.W.3d 409, 411 (Tex. App.—Waco 2020, no pet.) ("[B]ecause First Texas had no motion to vacate, modify, or correct the arbitration award on file with the trial court prior to the trial court's ruling on the Provosts's motion to confirm, the trial court had no discretion but to confirm the arbitration award . . . .").

We sustain appellants' first issue.[1]

## IV. CONCLUSION

We conclude a dismissal without prejudice is an "award" as that term is used in the TAA. Because appellants sought confirmation of the award and appellee failed to offer any ground to vacate, modify, or correct the award, the trial court erred in denying confirmation of the award. We reverse the order of the trial court denying confirmation and render judgment confirming the arbitrator's award. Tex. R. App.

---

[1] Because we sustain appellants' first issue, we need not address the remaining issues asserted on appeal because they would not afford appellants greater relief. *See* Tex. R. App. P. 47.1.

P. 43.3; *see also E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 274 (Tex. 2010) (affirming appellate court's judgment reversing and rendering confirmation of award).


                              /s/     Ken Wise
                                      Justice


Panel consists of Justices Wise, Bourliot, and Zimmerer.