ACCEPTED
01-15-00158-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/9/2015 10:01:10 AM
CHRISTOPHER PRINE
CLERK

## CAUSE NO. 1-15-00158-CV

_____

## IN THE COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/9/2015 10:01:10 AM
CHRISTOPHER A. PRINE
Clerk

_____

## CANDICE SCHWAGER, *Pro Se*
*Appellant*

## V.

## CAROL ANNE MANLEY, DAVID PETERSON, SILVERADO SENIOR LIVING, INC. D/B/A SILVERADO LIVING CENTER-SUGAR LAND
*Appellees*

_____

## APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION

_____

**C. Henry Kollenberg**
**State Bar No. 11667800**
**kollenberg@craincaton.com**
**Sarah Patel Pacheco**
**State Bar No. 00788164**
**pacheco-efile@craincaton.com**
**Kathleen Tanner Beduze**
**State Bar No. 24052205**
**beduze-efile@craincaton.com**
**Crain, Caton & James, P.C.**
**1401 McKinney St., Suite 1700**
**Houston, Texas  77010**
**(713) 658-2323 (Telephone)**
**(713) 658-1921 (Facsimile)**
**ATTORNEYS FOR APPELLEES**

**ORAL ARGUMENT REQUESTED**

070200/000001
376 - 1423403v1

# TABLE OF CONTENTS

TABLE OF CONTENTS ...............................................................................I

TABLE OF AUTHORITIES ........................................................................ II

OVERVIEW ..............................................................................................1

ARGUMENT & AUTHORITY ...................................................................2

CERTIFICATE OF COMPLIANCE ...........................................................7

CERTIFICATE OF CONFERENCE ...........................................................7

CERTIFICATE OF SERVICE ....................................................................8

070200/000001
376 - 1423403v1

# TABLE OF AUTHORITIES

**Cases**

*Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582 (Tex. 2012).......................2

*Jones v. Louis Vuitton Houston Galleria*, 01-14-00403-CV, 2014 WL 2593442
(Tex. App.—Houston [1st Dist.] June 10, 2014) ............................................... 4, 8

*Riggs v. Perlman*, 01-13-00974-CV, 2014 WL 2627841 (Tex. App.—Houston [1st
Dist.] June 12, 2014) .........................................................................................4

*Stary v. DeBord*, 967 S.W.2d 352 (Tex. 1998)...................................................2

**Statutes**

TEX. CIV. P & REM. CODE, §74.351(a)....................................................................4

TEX. CIV. P. & REM. CODE, CHAPTER 10 ................................................................5

TEX. CIV. PRAC. & REM. CODE, §51.014............................................................... 2, 3

**Rules**

TEX. R. APP. P. 42.3(a).........................................................................................5

TEX. R. APP. P. 43.4. ...........................................................................................5

TEX. R. CIV. P., Rule 91(a)................................................................................ 3, 4

Texas Disciplinary Rules of Professional Conduct, Rule 3.7 ...................................5

070200/000001
376 - 1423403v1

## OVERVIEW

1. On February 9, 2015, Candice Schwager ("Appellant Schwager"), pro se, filed a Notice of Appeal[1] in Cause No. 1-15-00157-CV in which she complains of five interlocutory orders entered by Probate Court One (1) of Harris County, Texas. These orders are as follows:

    a. Order granting Silverado Senior Living, Inc. d/b/a Silverado Senior Living – Sugar Land's ("Silverado") Rule 91a motion to dismiss;

    b. Order denying motion to reconsider 91a motion to dismiss and motion for sanctions, signed on January 9, 2015;

    c. Order granting Silverado's first amended plea to the jurisdiction, signed on January 9, 2015;

    d. Order granting Sanctions against Candice Schwager under Texas Rule of Civil Procedure 10 for $5000.00 signed November 10, 2014, reconsideration denied January 9, 2015; and

    e. Order granting Sanctions against Candice Schwager under Rule 3.7 of the Texas Disciplinary Rules of Professional Conduct for $10,000, dated November 10, 2014, reconsideration denied January 9, 2015.

2. This Court does not have jurisdiction to hear this appeal because a final judgment has not been entered by the Honorable Judge Loyd Wright, presiding judge of Harris County Probate Court One (1), a statutory probate court.

3. Accordingly, Appellant Schwager's appeal should be dismissed for lack of jurisdiction.

1

## ARGUMENT & AUTHORITY

4.      Texas appellate courts only have jurisdiction to review final judgments; interlocutory orders are appealable only if specified by statute. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *Stary v. DeBord*, 967 S.W.2d 352, 352-353 (Tex. 1998). The orders Appellant Schwager appeals in the instant matter are not a final judgment, and no statute allows for an interlocutory appeal in this case. *Id*.

5.      Section 51.014 of the Texas Civil Practice & Remedies Code provides as follows:

> A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that:
> | | |
> |---|---|
> | (1) | appoints a receiver or trustee; |
> | (2) | overrules a motion to vacate an order that appoints a receiver or trustee; |
> | (3) | certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure; |
> | (4) | grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65; |
> | (5) | denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state; |
> | (6) | denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such |

---

[1] Mackey Glen Peterson, Tonya Peterson, Don Leslie Peterson, Carol Peterson, and Lonny Peterson, Appellant Schwager's clients in trial court Cause No. 427,208-401, filed a First Amended Notice of Appeal in Cause No. 01-15-00157-CVseeking relief on identical grounds.

070200/000001
376 - 1423403v1

capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article I, Section 8, of the Texas Constitution, or Chapter 73;

(7) grants or denies the special appearance of a defendant under Rule 120a, Texas Rules of Civil Procedure, except in a suit brought under the Family Code;

(8) grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001;

(9) denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351;

(10) grants relief sought by a motion under Section 74.351(1);

(11) denies a motion to dismiss filed under Section 90.007;

(12) denies a motion for summary judgment filed by an electric utility regarding liability in a suit subject to Section 75.0022; or

(13) denies a motion to dismiss filed under Section 27.003.

TEX. CIV. PRAC. & REM. CODE §51.014.

6. In *Jones v. Louis Vuitton Houston Galleria*, a similar case involving, in part, an interlocutory order of dismissal pursuant to Rule 91(a) of the Texas Rules of Civil Procedure, this Court held that:

> **<u>Texas appellate courts only have jurisdiction to review final judgments, and interlocutory orders are only appealable if specified by statute</u>**. An order that disposes of claims against one or some of the defendants in a suit does not render a judgment final. The **<u>order appealed from here is not a final judgment</u>** because the suit is still pending in Brazoria County and only Mercedes Benz has been dismissed as defendant. The appellant has failed to point to any statutory authority that would allow for an interlocutory appeal. We dismiss the appeal for lack of jurisdiction.

3

*Jones v. Louis Vuitton Houston Galleria*, 01-14-00403-CV, 2014 WL 2593442, at *1 (Tex. App.—Houston [1st Dist.] June 10, 2014) (internal citations omitted) (emphasis added).

7.      In *Riggs v. Perlman*, this Court considered the appeal of an "Order of Dismissal with Prejudice" pursuant to Section 74.351(a) of the Texas Civil Practice & Remedies Code, which dismissed only Appellant Riggs' causes of action against Appellee Perlman, did not dispose of all parties and claims, and did not purport to be a final judgment. *Riggs v. Perlman*, 01-13-00974-CV, 2014 WL 2627841, at *1 (Tex. App.—Houston [1st Dist.], June 12, 2014). Finding no evidence of a severance or final judgment in the record, this Court ruled that the Order of Dismissal with Prejudice was an interlocutory order and, therefore, not appealable. *See id.*

8.      As in *Jones* and *Riggs*, the order granting Silverado's Rule 91(a) Motion to Dismiss is not a final judgment because the suit is still pending in the statutory probate Court Number One in Harris County, Texas and only Silverado has been dismissed as a defendant. Appellant Schwager's claims against Silverado have not been severed and no final judgment has been rendered. Appellant Schwager has failed to point to any statutory authority that would allow an interlocutory appeal of the order granting Silverado's Rule 91(a) Motion to Dismiss

4

or Appellant Schwager's Motion to Reconsider 91a Motion to Dismiss and Motion for Sanctions, signed on January 9, 2015.

9.     Likewise, Appellant Schwager points to no statutory authority that would allow an interlocutory appeal of the January 9, 2015 order granting Silverado's First Amended Plea to the Jurisdiction or the November 10, 2014 orders assessing monetary sanctions against Appellant Schwager, personally, for groundless and bad faith pleading violation of Chapter 10 of the Texas Civil Practice & Remedies Code and for violation of Rule 3.7 of the Texas Disciplinary Rules of Professional Conduct.

10.     Accordingly, this Court should dismiss this appeal for lack of jurisdiction and the cost of appeal should be taxed against Appellant Schwager. *See* TEX. R. APP. P. 42.3(a); TEX. R. APP. P. 43.4.

070200/000001
376 - 1423403v1

Respectfully submitted,

**CRAIN, CATON & JAMES**
**A PROFESSIONAL CORPORATION**

By: /s/ *Sarah Patel Pacheco*

C. Henry Kollenberg
State Bar No. 1166780
ckollenberg@craincaton.com
Sarah Patel Pacheco
State Bar No. 00788164
pacheco-efile@craincaton.com
Kathleen Tanner Beduze
State Bar No. 24052205
beduze-efile@craincaton.com
1401 McKinney St, Suite 1700
Houston, Texas  77010
(713) 658-2323 (Telephone)
(713) 658-1921 (Facsimile)

*Attorneys for Appellees*
*Carol Manley and David Peterson*

6

## CERTIFICATE OF COMPLIANCE

This document contains 1102 words. This word count was created by highlighting portions of the document and performing a word count on such highlighted portions. This word count does not include words excluded from the count by Rule 9.4(i)(1), such as caption, identity of parties and counsel, table of contents, index of authorities, statement of issues presented, signature, certificate of service, or certificate of compliance.

/s/*Kathleen Tanner Beduze*
KATHLEEN TANNER BEDUZE


## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to confer with Candice Schwager, *pro se,* prior to filing this motion. Ms. Schwager indicated that she would dismiss her appeal once Phil Ross filed an unknown document. As of filing, Ms. Schwager had not dismissed her appeal, so presumably Ms. Schwager is opposed to this motion.

/s/ *Kathleen Tanner Beduze*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to:

Philip M. Ross
1006 Holbrook Road
San Antonio, TX  78218

Jill Young
Macintyre, McCulloch, Stanfield, Young, LLP
2900 Weslayan, Suite 150
Houston, Texas 77027

Candice Schwager
1417 Ramada Drive
Houston, Texas 77062

Russ Jones
Underwood, Jones, Scherrer & Malouf, PLLC
5177 Richmond Avenue, Suite 505
Houston, Texas 77056

Josh Davis
Lewis Brisbois Bisgaard & Smith, LLP
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, Texas 77046

via facsimile, e-file and/or electronic delivery, by agreement, on the 9th day of March, 2015.

/s/ *Kathleen Tanner Beduze*
KATHLEEN TANNER BEDUZE

070200/000001
376 - 1423403v1