**Elizabeth H. RICH and Donald Rich, Plaintiffs–Appellants,**

v.

**Phillip L. SPARTIS and Amy Jean Elias, Defendants–Appellees– Cross–Appellants,**

**Salomon Smith Barney, Inc., formerly known as Citigroup Global Markets, Inc., Defendants–Appellees.**

Nos. 06–1723–cv(L), 06–1814–cv(XAP).

United States Court of Appeals, Second Circuit.

Dec. 16, 2008.

**476**

Culver V. Halliday (Kathryn V. Eberle, on the brief), Stoll, Keenon, & Ogden

PLLC, Louisville, Kentucky, for plaintiffs-appellants.

Eric S. Goldstein, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, New York, for defendant-appellee.

David I. Greenberger (Jeffrey L. Liddle, on the letter brief), Liddle & Robinson LLP, New York, New York, for appellees-cross-appellants.

Present: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

This appeal is before us following a remand for clarification of an arbitration panel award, jurisdiction having been restored to us pursuant to our Order of August 25, 2008. *See United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994). For the full background of this case and analysis of the issues originally presented, reference is made to our opinion directing remand. *See Rich v. Spartis,* 516 F.3d 75 (2d Cir.2008).

By Memorandum Order and Opinion issued on March 21, 2006, the District Court vacated the arbitration panel's decision to award damages to plaintiffs Elizabeth and Donald Rich (the "Riches") for losses sustained in their securities trading account with Salomon Smith Barney, Inc. ("SSB"). The award of damages was against SSB and its two broker employees responsible for the account—defendants-appellees Phillip Spartis and Amy Elias. Cross-claims for indemnification interposed by Spartis and Elias against SSB in the arbitration proceeding were denied and dismissed by the arbitration panel. The District Court determined that the damages award was solely for trading losses in Worldcom Securities and therefore barred by the releases of claims given by the class members, which included the Riches. *See*

*In re Worldcom Sec. Litig.*, Nos. 02 Civ. 3288, 05 Civ. 3913, 2006 WL 709101, at *4 (S.D.N.Y. Mar. 21, 2006). Accordingly, the District Court concluded that the arbitrators had exceeded their powers in granting damages to the Riches for their Worldcom trading losses. At the same time that it vacated the damages award, the District Court confirmed the arbitration panel's dismissal of the cross-claims of Spartis and Elias, reasoning that "[g]iven the strong presumption of regularity to which an arbitration award is entitled, Spartis and Elias have not shown that the Panel lacked authority to issue an award and that the dismissal of their cross-claim should be vacated." *Id.*

On appeal, we determined that a remand was necessary for clarification of the arbitration panel's award of damages. *See Spartis*, 516 F.3d at 83. Because of the peculiar circumstances surrounding the issuance of the lump-sum award by the Panel, we directed that the District Court order the Panel "to specify whether the Worldcom trading losses suffered by the Riches [were] represented in all, part, or none of the lump-sum Award and, if part, the amount thereof." *Id.* at 84. Our direction to the District Court was impelled by a colloquy amongst the panel members indicating that the Riches may have sustained losses in their brokerage account that did not involve Worldcom stock. In our Opinion to remand, "we d[id] not rule on the challenges made by Spartis and Elias to the District Court's confirmation of the arbitration panel's denial and dismissal of their cross-claims for indemnification."

The District Court issued an Order to the arbitration panel requiring clarification of the damages award in accordance with our remand decision. The panel responded on July 23, 2008, with a statement that the award "as it relates to compensatory damages, was intended to compensate solely for WorldCom losses." By Order dated August 11, 2008, 2008 WL 5251783, the District Court reinstated its decision of March 21, 2006, and vacated the "panel's award of damages to the Riches, including the award of interest and attorneys' fees." The District Court also determined that its "decision to dismiss the cross-claims against [SSB] is again confirmed."

In the appeal now before us, the Riches make no further claims, and the damages awarded in their favor stand vacated. Spartis and Elias, however, press their cross-claims for indemnification. Since they are not liable for damages, they contend that SSB must indemnify them for their legal fees and expenses. They assert that, since it is now established that the arbitration panel exceeded its authority in making an award of damages, the panel also exceeded its authority by ruling on the cross-claims for indemnification. Arguing that the entire award, including the dismissal of their cross-claims, should be vacated, Spartis and Elias claim the right to indemnification of their fees and expenses. They claim that they are entitled to such reimbursement as corporate officers pursuant to the provisions of New York Business Corporation Law §§ 721–724 and SSB's own indemnification By-Laws.

Spartis and Elias have failed to establish a basis upon which to vacate the award insofar as it denied their indemnification claims. There is a "strong presumption in favor of enforcing arbitration awards." *Wall Street Assoc., L.P. v. Becker Paribas, Inc.*, 27 F.3d 845, 849 (2d Cir.1994). The grounds for vacating such awards are limited, and the burden is on the party seeking to vacate to establish one of the statutory grounds for relief. *See DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 821 (2d Cir.1997). While one of the statu-

tory grounds to vacate is "where the arbitrators have exceeded their powers," 9 U.S.C. § 10(a)(4), Spartis and Elias have not carried their burden to establish that ground. The arbitration panel had the authority to consider the cross-claims as a separate matter, and the panel's ruling with regard to those cross-claims was independent of the Riches' claim for damages. If not bound by an arbitration agreement, Spartis and Elias could have initiated a separate action to recover their attorneys' fees but elected to proceed by way of cross-claim in the arbitration proceeding. Even if Spartis and Elias were bound by an arbitration agreement and could not have initiated a separate action for indemnification, we would reach the same result because the arbitration panel had the authority to consider the indemnification claim. Spartis and Elias are therefore bound by the arbitrators' determination.

In their initial submission, Spartis and Elias also argued that the award dismissing their cross-claims for indemnification was issued in manifest disregard of the law. Although manifest disregard of applicable law is not included as a statutory basis to vacate an award under § 10(a) of the Federal Arbitration Act, we have recognized its validity where it can be shown "that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC,* 497 F.3d 133, 139 (2d Cir.2007) (internal quotation marks omitted). No such showing has been made here. Moreover, there was sufficient evidence before the arbitration panel to justify dismissal of the cross-claims. For instance, the record does not foreclose the likely possibility that the arbitration panel concluded that Spartis and Elias were not entitled to indemnification because they acted in bad faith in advising the Riches. We continue our adherence to the proposition that an arbitration award should be enforced if there is even "a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Employees Int'l Union,* 954 F.2d 794, 797 (2d Cir.1992) (internal quotation marks omitted).

The District Court properly confirmed the dismissal of the cross-claims and its judgment is AFFIRMED in all respects.