# IN THE SUPREME COURT OF TEXAS

════════════

NO. 06-1084

════════════

BISON BUILDING MATERIALS, LTD., PETITIONER,

v.

LLOYD K. ALDRIDGE, RESPONDENT

══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
══════════════════════════════════════════════════

**Argued January 16, 2008**

JUSTICE WAINWRIGHT delivered the opinion of the Court, in which CHIEF JUSTICE JEFFERSON, JUSTICE GREEN, JUSTICE JOHNSON, JUSTICE GUZMAN, and JUSTICE LEHRMANN joined.

JUSTICE HECHT filed a dissenting opinion, in which JUSTICE MEDINA and JUSTICE WILLETT joined.

We deny the motion for rehearing of Bison Building Materials, Ltd. We withdraw our opinion of April 20, 2012 and substitute the following in its place.

The issue in this case is whether an appellate court has jurisdiction over an appeal from a trial court order confirming an arbitration award in part and vacating the award in part based on the existence of unresolved questions of law or fact necessary to a ruling, yet the trial court did not expressly direct a rehearing.[1] We agree with the court of appeals that it does not have jurisdiction over the appeal, but for different reasons.

---

[1] Bison Building filed for bankruptcy in 2009 under Chapter 11 of the United States Bankruptcy Code. The bankruptcy court lifted the automatic stay to allow Aldridge's claim to proceed and we lifted our stay on September 2, 2011. *See* TEX. R. APP. P. 8.2, 8.3.

## I. Factual and Procedural Background

Lloyd K. Aldridge was employed as a truck driver by Bison Building Materials, Ltd. As a condition of his employment, Aldridge signed a Mutual Agreement to Arbitrate Claims (arbitration agreement) in which he agreed to resolve any claims for "work-related illness or injuries" by arbitration. The arbitration agreement provided that "the Federal Arbitration Act shall govern interpretation, enforcement, and all proceedings pursuant to this Agreement. To the extent that the Federal Arbitration Act (FAA) is inapplicable, state law pertaining to agreements to arbitrate shall apply." The parties agree that the FAA, rather than the Texas Arbitration Act (TAA), governs the substance of the agreement.

After he was injured on the job, Aldridge signed a two-page "Post Injury Waiver and Release" (release) as consideration for receiving benefits under Bison's "Workplace Injury Plan" (plan). The release stated in pertinent part, "I am aware that . . . I could file a legal action against [Bison but] . . . . I understand and agree to give up the right to file a legal action against [Bison] . . . for any and all damages sustained by me because of my injury." Bison accordingly paid Aldridge approximately $80,000 in medical and wage replacement benefits under the plan.

Aldridge subsequently filed a demand for arbitration seeking to recover damages for lost wages, medical expenses, pain and suffering, mental anguish, and loss of earning capacity. During the arbitration proceedings, Bison moved to dismiss Aldridge's claim, raising waiver and release. Aldridge provided an affidavit averring that he did not remember signing the release or, in the alternative, that he did not understand the consequences of signing the release. The arbitrator found that Aldridge signed the release and waived his right to arbitrate his personal injury claim against Bison. Accordingly, the arbitrator dismissed Aldridge's claim with prejudice. Based on the

enforcement clause in the arbitration agreement, Aldridge petitioned the trial court to set aside the award and remand the matter to the arbitrator, and Bison moved to confirm the award.

After the hearing on the arbitrator's award and in light of a new opinion from this Court (cited in the order below), the trial court confirmed the award in part and vacated it in part, concluding that residual "fact questions" precluded confirmation of the arbitrator's take-nothing award. The order provides:

> [T]he Court determines that the motions should be GRANTED in part and DENIED in part as follows.
>
> The Court finds that, as a matter of first impression, that both the Texas Supreme Court decision *Storage & Processors, Inc. v. Reyes,* 134 S.W.3d 190 (Tex. 2004) (holding that Texas' strong public policy for Workers' Compensation favors even a radical extension of the doctrine to less-than-total-exculpation waivers where workers are involved) and the fair notice requirements described therein are properly applied to a post-injury waiver. The Court further finds that the post-injury waiver is ambiguous as to whether the right to arbitration is forfeited. Thus, the Final Award of dismissal is VACATED in PART, solely as to the arbitrator's finding that the post-injury waiver precludes arbitration <u>because there are fact questions</u> on:
>
>> (1) Is the post-injury waiver enforceable. That is, (a) does the waiver satisfy the fair notice requirements and, if not, (b) did both parties have actual knowledge of the terms of the waiver agreement. If the answer to these questions is "no," the waiver is unenforceable. Even if the waiver is enforceable, there is a fact question on:
>>
>> (2) Do the ambiguous terms of the waiver preclude this action seeking arbitration.
>
> The arbitration award is CONFIRMED as to the finding that Aldridge signed the post-injury waiver.

(Emphasis supplied.) Although the trial court confirmed the arbitrator's finding that Aldridge signed the release, the trial court vacated the arbitrator's finding that the post-injury waiver precluded arbitration because of unresolved fact questions.

The trial court confirmed the arbitrator's determination that Aldridge signed the post-injury waiver and vacated the arbitrator's holding that the waiver barred Aldridge's arbitration claims. The order did not explicitly direct a rehearing before the arbitrator, but the trial court held that the post-injury waiver was ambiguous and indicated that the arbitrator needed to consider fact questions (or mixed questions of law and fact) concerning the post-injury waiver provision.[2] Both parties appealed the trial court's order.

After the parties filed their initial briefs, the court of appeals requested supplemental briefing on the issue of appellate jurisdiction. 263 S.W.3d 69, 72. A divided court of appeals held that the trial court's order was not appealable as either a final judgment or an interlocutory order. *Id.* at 76. The court determined that the judgment is not final because it does "not contain finality language or otherwise state that it is a final judgment" and "necessarily contemplates resolution of [the remaining] issues by way of a rehearing," making the appeal interlocutory. *Id.* at 73, 74. After examining the relevant portions of the FAA and TAA, the court of appeals concluded that no statute permitted an appeal in this case. *Id.* at 76. The court therefore dismissed the appeal for want of jurisdiction without reaching the merits of the case.

On appeal to this Court, Bison argues that the trial court's order was appealable because it confirmed part of the award and vacated part of the award, but did not explicitly or implicitly direct a rehearing. Aldridge contends that we should dismiss the appeal for want of jurisdiction because the trial court's order does not dispose of all issues and contemplates further resolution of fact issues.

---

[2] The dissent writes that the trial court "dismissed, with prejudice" Aldridge's claims. ___ S.W.3d ___ (Hecht, J., dissenting). That is a difficult conclusion to draw from the language of the order. The trial court found an ambiguity in the release and unresolved fact questions in the dispute. Under the arbitration agreement, only the arbitrator could decide these unresolved, substantive issues.

Neither party suggested that the interlocutory appeal sections of the TAA were inapplicable due to the nature of the arbitration agreement at issue here.

## II. Law and Analysis

We must address whether the trial court's judgment is appealable, either as a final judgment or as an interlocutory order. Unless specifically authorized by statute, Texas appellate courts only have jurisdiction to review final judgments. TEX. CIV. PRAC. & REM. CODE § 51.014; *see also Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). A judgment is final for purposes of appeal "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). Bison contends that the order is final and appealable because the parties' competing motions were completely resolved by the trial court, with nothing left for the trial court to do. We disagree.

The order is not final because it does not contain finality language, state that it is a final order, or dispose of all claims and parties. 263 S.W.3d at 73. Instead, the order states that questions of fact remain which must be resolved before the award may be confirmed, if at all. Specifically, the order confirmed the arbitrator's finding that Aldridge signed the post-injury waiver. That was a disputed question of fact in the arbitration. However, the order vacated the arbitrator's finding that the post-injury waiver precludes arbitration because "fact questions" remained on whether the waiver satisfies the common law fair notice requirements for work-related liability waivers and, if not, whether both parties had actual knowledge of the waiver agreement. The order also bases its partial vacatur on the need for findings of fact on the issue of whether "the ambiguous terms of the waiver

preclude this action." Because the order leaves significant factual and legal issues open for further determination, it is interlocutory and not appealable unless authorized by statute.

Although the FAA governs the dispute, "federal procedure does not apply in Texas courts, even when Texas courts apply the [FAA]." *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Because appellate jurisdiction is procedural, we look to Texas procedural law to determine whether the court of appeals has jurisdiction over the interlocutory appeal in this case. The only applicable Texas statute that could make the trial court's interlocutory order appealable is section 171.098 of the TAA. TEX. CIV. PRAC. & REM. CODE § 171.098(a)(3) (permitting interlocutory appeal over a trial court order "confirming or denying confirmation of an award" under the TAA); *Id.* § 171.098(a)(5) (permitting interlocutory appeal over a trial court order "vacating an award without directing a rehearing"). However, the TAA does not apply to this dispute. Section 171.002(a) of the TAA states that Chapter 171 "does not apply to . . . a claim for personal injury," unless the agreement is signed by both parties' attorneys. TEX. CIV. PRAC. & REM CODE § 171.002(a)(3), (b)(2). The arbitration agreement here was not signed by the parties' attorneys. Thus, Chapter 171 does not apply, as a matter of Texas procedure, and subsections 171.098(a)(3) and (a)(5), on which both parties rely in determining appellate jurisdiction, cannot apply either. *Jack B. Anglin Co.*, 842 S.W.2d at 272.

Because the TAA previously did not provide an avenue for interlocutory appeals of FAA arbitrations, this Court held that it would entertain appeals otherwise permitted under the FAA through a petition for writ of mandamus. *Jack B. Anglin Co.*, 842 S.W.2d at 272. In the past, when a party to a dispute sought to appeal an interlocutory order adverse to arbitration under the TAA and FAA, the party was required to file both a petition for writ of mandamus and interlocutory appeal.

*See id.* The Legislature amended the Civil Practice and Remedies Code to permit interlocutory appeals "to the court of appeals from the judgment or interlocutory order of a district court . . . under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." TEX. CIV. PRAC. & REM CODE § 51.016; *CMH Homes v. Perez,* 340 S.W.3d 444, 448 (Tex. 2011). However, this act is applicable only to appeals of an interlocutory order in an action filed on or after September 1, 2009. Act of June 19, 2009, 81st Leg., R.S., ch. 820, § 2, 2009 Tex. Gen. Laws 2061. Therefore, section 51.016 is inapplicable to this case.

The TAA does not provide jurisdiction over this interlocutory appeal. However, even if the TAA did apply to this matter, our conclusion regarding lack of appellate jurisdiction is consistent with our reasoning in this area. In *East Texas Salt Water Disposal Co., Inc. v. Werline*, this Court held that a trial court's order denying confirmation and re-submitting the case to arbitration was subject to appellate jurisdiction. 307 S.W.3d 267, 270 (Tex. 2010). We held that the order fit squarely within the section of the TAA allowing for appeal of the confirmation or denial of an award. *Id.*; TEX. CIV. PRAC. & REM. CODE § 171.098(a)(3). In denying the request for confirmation at issue in *Werline*, the district court "made clear that it rejected the award and all bases on which it rested." *Werline*, 307 S.W.3d at 270. We also reasoned that a limited rehearing to correct a problem —such as an instance in which "an arbitration award is unclear or *incomplete* or contains an obvious error"—is not a final decision on the issue "but merely a deferral of final ruling until the arbitration was complete." *Id.* at 270–71 (emphasis added). *Werline* relied largely on the reasoning in *Forsythe Int'l S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1020 (5th Cir. 1990), which explained there is no jurisdiction over arbitration awards that are incomplete.

The trial court order at issue in this case is readily distinguishable from the order in *Werline*, but fits squarely within *Werline*'s rationale for rehearing. First, in *Werline*, the trial court's judgment denied confirmation and vacated the award because the arbitrator's material factual findings in the award were "'so against the evidence . . . that they manifest gross mistakes in fact and law.'" *Id*. at 269. Second we also noted that the trial court "went so far as to hold that the material facts the parties had vigorously disputed in the first arbitration should all be established against Werline in the second arbitration" in effect rendering a final judgment, even if not by such nomenclature. *Id*. at 270. The order in the matter before us is distinguishable and fits within neither section 171.098(a)(3) nor 171.098(a)(5) of the TAA. TEX. CIV. PRAC. & REM. CODE § 171.098(a)(3), (a)(5). Here, the trial court vacated in part and confirmed in part. While the order confirms that Aldridge signed the post-injury waiver, it does not dispose of the substance of the claims, but instead explicitly identifies unresolved issues and, in essence, remands the case to the same arbitrator to complete its fact finding and legal determinations. *See In re Serv. Corp. Int'l*, 355 S.W.3d 655, 659 (Tex. 2011) (per curiam) (holding that, ordinarily, the trial court did not have the authority to override the parties' selection of an arbitrator). *Forsythe*'s reasoning squarely supports holding a lack of appellate jurisdiction here:

> Had the district court remanded to the same arbitration panel for clarification of its award, the policies disfavoring partial resolution by arbitration would preclude appellate intrusion until the arbitration was complete.

915 F.2d at 1020 n.1. The trial court did not remand the dispute to a different arbitrator and the trial court's order identified unresolved questions of fact that the arbitrator needed to answer. In the words of *Werline* and *Forsythe*, the Bison arbitration was not "complete." *Id*.

- 8 -

Policies disfavoring partial resolution by arbitration preclude appellate intrusion until the arbitration is complete. *Id.* Due to the arbitrator's failure to resolve multiple issues of fact or law, the order cannot be considered a confirmation or a denial of an arbitration award under section 171.098(a)(3) or a vacatur of an award without directing a rehearing under section 171.098(a)(5).

We observed in *Werline* that, because Texas law favors arbitration, the scope of judicial review of an arbitration award is narrow. *Id.* at 271 (citing *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002) (stating the presumption favoring an arbitral award)). *CVN Group* discouraged subjecting arbitration awards to judicial review because it "adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." 95 S.W.3d at 238. We decline to expand the narrow scope of judicial review of arbitration awards, especially where they are incomplete.

The limited rights of appeal provided in section 171.098(a) of the Civil Practice and Remedies Code act as a limitation on the authority of trial courts to order the re-arbitration of matters that should, under the statute, be subject to interlocutory appeal. Those limitations circumscribe the ability of the trial court to prolong arbitration and thereby delay resolution of the matter. Under circumstances in which the TAA does not provide appellate jurisdiction, a trial court unreasonably delaying the proceedings by ordering re-arbitration for arbitrary or unsupported reasons may be the proper subject of a writ of mandamus. There is no indication in the present case, however, that the order serves any purpose other than to resolve legitimate factual and legal issues. Importantly, the parties have not sought review of the issue by mandamus. *Cf. In re Chevron U.S.A., Inc.*, No. 08-08-00083-CV, 2010 WL 299149, at *3, 7 (Tex. App.—El Paso, Jan. 27, 2010, no pet.) (not designated for publication) (holding that the interlocutory appeal provisions of the TAA do not apply

to a review of the trial court's order confirming or denying an award, but granting relief through mandamus). While the Legislature has corrected the arbitration appeal two-step, the correction is not applicable here. Therefore, the court of appeals, and this Court, have no jurisdiction over this interlocutory appeal. Although neither party raised this issue before the court of appeals or before this Court, we consider our jurisdiction *sua sponte*. *See Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004).

Finally, we should retain some measure of symmetry.[3] Granting appellate review of an incomplete FAA arbitration by mandamus would likely grant the FAA matter a greater scope of review in Texas courts than it would receive in a federal appellate court. As we explained in *In re Palacios*,

> There is little friction between the FAA and Texas procedures when state courts review by mandamus an order that the federal courts would review by interlocutory appeal . . . . But it is *quite another matter* for state courts to review by mandamus an order that the federal courts could not review at all. Such review would create tension with the legislative intent of the FAA . . . .

221 S.W.3d 564, 565 (Tex. 2006) (per curiam) (emphasis added). The case before us is "quite another matter." *Id*. There does not appear to be a strong consensus among federal courts on this question, but federal cases indicate that the FAA would not allow an interlocutory appeal in federal court of a district court's order determining that an arbitration is not final but is incomplete. *See* discussion of federal case law *infra*.

This line of reasoning applies in the context of court review of arbitration awards, where there is a "strong presumption in favor of enforcing arbitration awards" and the role the federal

---

[3] As pointed out, section 51.016 does not govern this appeal as it was not yet effective at the time of this suit.

courts generally take in reviewing arbitration awards is "extremely limited." *Wall St. Assoc., L.P. v. Becker Paribas, Inc*., 27 F.3d 845, 849 (2nd Cir. 1994) (citation omitted). For example, in *Rich v. Spartis*, the Eighth Circuit recently concluded that an arbitration award that was indefinite, incomplete, and ambiguous would not be vacated on the grounds that the arbitrators had exceeded their authority. 516 F.3d 75, 82 (2nd Cir. 2008). Because an essential assessment by the arbitrators allowing the court to determine the award's validity was missing, the order was not complete and was instead a source of "confusion." *Id*. This "lack of clarity" in the award precluded a ruling by the Court as to whether the arbitrators exceeded their authority; instead a remand to the arbitration panel was necessary for clarification. *Id*. at 83–84. In *Landy Michaels Realty Corp.* v. *Local 32B-32J, Service Employees International Union, AFL-CIO*, the Second Circuit held that appellate jurisdiction was lacking. 954 F.2d 794, 797 (2d Cir. 1992). In that case, the arbitrator ruled in favor of a trade union and awarded substantial damages. *Id*. at 795. The district court vacated the award as to damages and remanded for reconsideration. *Id*. Because the district court ordered the same arbitrator to make a further determination with respect to the content of the award, the court of appeals held that remand is outside its appellate jurisdiction. *Id*. at 797. The order at issue before us seeks completion of an arbitration and sends the dispute to the same arbitrator. It would most likely be viewed by a federal appellate court today as outside its jurisdiction due to the lack of finality of its terms.

The dissent concludes that the trial court's order was final and that it fully and finally resolved Aldridge's claims. ___ S.W.3d___ (Hecht, J., dissenting). Understandably, the dissent's case law supports the established rule that a district court order calling for re-evaluation of the entire controversy is appealable. *Id*. (citing, *e.g*., *HCC Aviation Ins. Group, Inc. v. Emp'rs Reinsurance*

- 11 -

*Corp.*, 243 F. App'x 838, 842 n.5 (5th Cir. 2007) (concluding that an order vacating an entire arbitration award is appealable, despite being remanded to the same panel); *Bull HN Info. Sys., Inc. v. Hutson*, 229 F.3d 321, 327 (1st Cir. 2000) (construing as appealable part of a district court order remanding the "entire matter" to a new arbitrator); *Jay Foods, L.L.C. v. Chem. & Allied Prod. Workers Union, Local 20, AFL–CIO*, 208 F.3d 610, 613 (7th Cir. 2000) (noting that appeal is available from an order of remand, unless the purpose of the remand was "was merely to enable the arbitrator to clarify his decision in order to set the stage for informed appellate review"); *Virgin Islands Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.*, 27 F.3d 911, 914 (3rd Cir. 1994) (concluding an order remanding the case to a new arbitration hearing was subject to appeal, but under facts in which "the District Court did not simply request clarification, but instead directed a re-evaluation of the entire controversy . . . .")).  Orders that direct a re-evaluation of a completed arbitration are appealable.  However, orders that defer a final ruling until the arbitration is complete are not appealable. *Werline*, 307 S.W.3d at 270–71.  We conclude that the order in this case is not the type of appealable order described in the dissent's authorities.

### III. Conclusion

For the aforementioned reasons, we affirm the court of appeals' judgment and, for different reasons, dismiss the appeal for want of jurisdiction.   TEX. R. APP. P. 60.2(a).

_____
Dale Wainwright
Justice

OPINION DELIVERED: August 17, 2012