**Opinion issued June 10, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00403-CV

———————————

## FELICIA NICOLE JONES, Appellant

## V.

## LOUIS VUITTON HOUSTON GALLERIA, ET AL, Appellees

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 75486-CV**

---

## MEMORANDUM OPINION

Appellee, Mercedes Benz of Houston Greenway, filed a motion seeking the dismissal of Appellant Felicia Jones' appeal for want of jurisdiction.

On March 6, 2014, Mercedes Benz filed a Motion to Dismiss in trial court pursuant to Rule 91(a). *See* TEX. R. CIV. P. 91(a). The Brazoria County Court held

a hearing on the motion and granted an interlocutory judgment dismissing appellant's claims against Mercedes Benz. Appellant brings this appeal from the interlocutory judgment dismissing claims against Mercedes Benz. The original trial court suit is still pending against other named parties.

Texas appellate courts only have jurisdiction to review final judgments, and interlocutory orders are only appealable if specified by statute. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *Stary v. DeBord*, 967 S.W.2d 352, 352-353 (Tex. 1998). An order that disposes of claims against one or some of the defendants in a suit does not render a judgment final. *See Lehmann v. Har-Con Corp.*, 39 S.W. 3d 191, 205 (Tex. 2001).

The order appealed from here is not a final judgment because the suit is still pending in Brazoria County and only Mercedes Benz has been dismissed as defendant. The appellant has failed to point to any statutory authority that would allow for an interlocutory appeal. We dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.