**Opinion issued October 2, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00414-CV

————————————

**GILBERT CARRISALEZ, Appellant**

**V.**

**CARLOS BENITEZ D/B/A CIVIL JUDGMENT ENFORCEMENT SERVICES, Appellee**

---

**On Appeal from the Harris County Civil Court at Law No. 2**
**Trial Court Case No. 867420-801**

---

## MEMORANDUM OPINION

Appellant, Gilbert Carrisalez, filed a Notice of Appeal from an interlocutory order denying his motion to dissolve a writ of garnishment. Appellee, Carlos Benitez, filed a motion to dismiss the appeal for want of jurisdiction.

Texas appellate courts only have jurisdiction to review final judgments, and interlocutory orders are appealable only if specified by statute. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *Stary v. DeBord*, 967 S.W.2d 352, 352-353 (Tex. 1998). Writs of garnishment are not classified as injunctive orders, and therefore a party has no right of interlocutory appeal from an order denying a motion to dissolve a writ of garnishment. *Fogel v First Republicbank Eldridge, N.A.*, Nos. C14-87-894-CV, A14-87-895-CV, 1987 WL 27079 (Tex. App.—Houston [14th Dist.] December 10, 1987, no writ).

The order appealed from here is not a final judgment, and no statute allows for an interlocutory appeal in this case. *Id.* Indeed, after Benitez moved to dismiss, Carrisalez filed a response acknowledging that we lack jurisdiction. Accordingly, we grant appellee's motion to dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Massengale, Brown, and Huddle.