

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00256-CV
_____

LAURIE RAY HAMLETT, APPELLANT

V.

COMMISSION FOR LAWYER DISCIPLINE, APPELLEE

On Appeal from the 40th District Court
Ellis County, Texas
Trial Court No. 88890, Honorable Wesley Ward, Presiding

December 28, 2017

OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Laurie Ray Hamlett appeals from a judgment publically reprimanding her for violating Rules 3.01, 3.02, and 8.02(a) of the Texas Disciplinary Rules of Professional Conduct. She seeks to reverse that judgment by contending that "the evidence is [legally] insufficient to support the trial court's findings of violations of the disciplinary rules." We affirm.[1]

---

[1] Because this appeal was transferred from the Tenth Court of Appeals, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision would be inconsistent with the precedent of the transferor court. TEX. R. APP. P. 41.3.

*Standard of Review*

In conducting a legal sufficiency review, we consider the evidence in a light most favorable to the decision of the fact-finder while indulging in every reasonable inference favoring that decision. *Pike v. Tex. EMC Mgmt., LLC*, No. 10-14-00274-CV, 2017 Tex. App. LEXIS 5217, at *2 (Tex. App.—Waco June 7, 2017, pet. filed) (mem. op.). The standard of review also obligates us to credit evidence that supports the decision if a reasonable fact-finder could and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* So too must it be remembered that the fact-finder is the sole judge of the credibility of witnesses and the weight to be assigned their testimony. *Id.* And, if more than a scintilla of the evidence (when viewed in the above described manner) permits reasonable and fair-minded people to reach the finding under review, we are obligated to uphold the finding as being supported by legally sufficient evidence. *Id.* at *3.

In applying the foregoing traditional standard of review, we eschew Hamlett's implicit invitation to examine the evidence with heightened scrutiny. That is, she suggests a violation of Rule 8.02(a) would require proof of certain elements by clear and convincing evidence.[2] If she were correct, then the standard of review described in *Pike* would be inapplicable. This is so given an observation in *In re N.M.*, No. 07-17-00003, 2017 Tex. App. LEXIS 4466 (Tex. App.—Amarillo May 16, 2017, pet. denied) (mem. op.). There we said that, "[w]hile our traditional legal sufficiency . . . standard of review 'upholds a finding supported by "[a]nything more than a scintilla of evidence,"' ***that quantum of evidence***

---

[2] Per Texas Disciplinary Rule of Professional Conduct 8.02(a), a "lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory official or public legal officer, or a candidate for election or appointment to judicial or legal office."

"***does not equate to clear and convincing evidence.***"" *Id.* at \*2 (quoting *In re K.M.L.*, 443 S.W.3d 101, 112 (Tex. 2014)) (emphasis added). A standard of review requiring "more than a scintilla" would have to be utilized. *See, e.g.*, *In re J.F.C.*, 96 S.W.3d 256, 265–66 (Tex. 2002) (describing the standard of review on appeal when the burden of proof at trial is "clear and convincing evidence"). But, again, we decline her invitation to apply a heightened standard of review here and do so for several reasons.

First and foremost, the Texas Rules of Disciplinary Procedure promulgated by our Supreme Court simply mandate that "Disciplinary Actions must be proved by a *preponderance of the evidence.*" TEX. RULES DISCIPLINARY P. R. 3.08(C), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A-1 (West 2013) (emphasis added); *Thawer v. Comm'n for Lawyer Discipline*, 523 S.W.3d 177, 183 (Tex. App.—Dallas 2017, no pet.). Being promulgated by our Supreme Court, we must follow them and defer to that body regarding the decision whether to impose both heightened standards of proof at trial and of review on appeal. *See* TEX. RULES DISCIPLINARY P. Intro. ("The Supreme Court of Texas has the constitutional and statutory responsibility within the State for the lawyer discipline and disability system, and has inherent power to maintain appropriate standards of professional conduct and to dispose of individual cases of lawyer discipline and disability in a manner that does not discriminate by race, creed, color, sex, or national origin. To carry out this responsibility, the Court promulgates the following rules for lawyer discipline and disability proceedings.").

Second, while claims regarding the sufficiency of the evidence need not be preserved for review in an appeal from a non-jury trial, *see* TEX. R. APP. P. 33.1(d), Hamlett's argument does more than merely question the sufficiency of the evidence and

standard of review on appeal. She, in effect, questions the standard of proof utilized by the trial court at trial. Yet, she did not suggest below that a Rule 8.02(a) violation had to be established by clear and convincing evidence. Rather, her counsel actually argued that (1) "[t]he standards in a lawyer discipline are not as low as they would be in something like a malpractice case. I mean, here we are looking to see that they've got – the Bar has got to **prove by a preponderance of the competent evidence** that her conduct fell below the minimum standards . . ."; and (2) "[t]hey must prove by a **preponderance of the competent evidence** each and every element of **each** Rule." (Emphasis added).

The goal underlying the rules requiring preservation of error are founded upon the policy that trial courts should be given the first opportunity to correct their own purported errors. *See Mansions in the Forest, LP v. Montgomery Cty.*, 365 S.W.3d 314, 317 (Tex. 2012) (per curiam) (stating that "[f]irst, requiring that parties initially raise complaints in the trial court conserves judicial resources by providing trial courts the opportunity to correct errors before appeal" and "[s]econd, judicial decision-making is more accurate when trial courts have the first opportunity to consider and rule on error"). Here, Hamlett did not afford the trial court the opportunity to determine whether elements of Rule 8.02(a) had to be established via clear and convincing evidence. Instead, she argued that the Commission had to prove "each and every element of each Rule" by a preponderance of the evidence. Thus, her complaint before us regarding application of a clear and convincing evidence standard of proof at trial was not preserved.

*Application of Traditional Standard of Review*

We begin with addressing whether the evidence of record is sufficient to support the trial court's finding that Hamlett violated Rule 8.02(a) of the Texas Disciplinary Rules

4

of Professional Conduct. Per that rule, a "lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 8.02(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013) (TEX. STATE BAR R. art. X, § 9).

The record before us contains evidence that Hamlett moved numerous times to recuse Judge Scott E. Kurth of the Municipal Court for the City of Red Oak from presiding over proceedings in which she represented the defendant.[3] In one such motion, Hamlett stated as follows: "Because of Judge Kurth's disdain for me which he demonstrates in the forum of a public courtroom, I am convinced that he would never consider deferred adjudication probation for my clients if they pleaded 'no contest,' especially if [the city prosecutor] voiced any opposition." This utterance was addressed at trial by the Commission. When it asked Hamlett if "Judge Kurth granted you deferred disposition [adjudication] in cases," the witness answered, "Well, it happens . . . ."

Reasonably implicit in the statement made by Hamlett in her motion to recuse is the accusation that Judge Kurth relied on personal bias to deny her clients a particular kind of relief afforded to clients represented by others. Yet, evidence of record illustrated that he had granted her client's the relief in question, as expressly acknowledged by Hamlett at trial. These circumstances are more than a scintilla of evidence permitting a rational fact-finder to conclude that Hamlett's accusation against the judge constituted a statement impugning the judge's integrity. Knowing of information that negated the

---

[3] As of the time of trial, Hamlett had filed approximately thirty-one or thirty-two motions to recuse Judge Kurth. None were granted. Furthermore, Judge Kurth testified to a pattern in Hamlett's actions: "When [she] doesn't get a ruling – when she get[s] an adverse ruling from me, then she files her Motions to Recuse," according to the judge.

5

truthfulness of her accusation yet uttering it anyway is also more than a scintilla of evidence permitting a fact-finder to reasonably infer that the accusation was made with a high degree of awareness of its probable falsity or with reckless disregard as to its falsity. *See Darby v. N.Y. Times Co.*, No. 07-12-00193-CV, 2014 Tex. App. LEXIS 2197, at *17– 18 (Tex. App.—Amarillo Feb. 26, 2014, pet. denied) (mem. op.) (stating that "[o]ne acts recklessly when his statements are 'made with a high degree of awareness of probable falsity' or when the 'defamer entertained serious doubts that his declaration was true'"). Consequently, the trial court's finding that Hamlett violated Rule 8.02(a) because she "made statements, with reckless disregard as to their truth or falsity, concerning the qualifications and integrity of judges in connection with cases in municipal courts in Red Oak, Texas" had the support of legally sufficient evidence.

At this point, we note that the violation of one disciplinary rule is enough to support a finding of professional misconduct. *See Thawer*, 523 S.W.3d at 187. So too is it enough to support a judgment sanctioning the lawyer for violating the rules of professional conduct. *See Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 323 (Tex. App.— Houston [1st Dist.] 2010, pet. denied) (holding that "[a]ny one of the jury's findings of violations of the Rules is sufficient to support the judgment of suspension"). Because the evidence was sufficient to support the finding that Hamlett violated Rule 8.02(a) and because one violation is enough to support the sanction levied in the judgment at bar, we "need not address the sufficiency of the evidence to support the findings of other violations." *See id.* at 324. Nevertheless, we mention one other admission by Hamlett and its relationship to her violation of Rule 3.02

The admission pertains to the reason she filed the aforementioned motion to recuse Judge Kurth. The latter had scheduled the trial of a misdemeanor proceeding for May 10, 2012. Hamlett represented the person being tried. Yet, as Hamlett would explain, her client did not want to go to trial; so, being inspired by her client's wishes, she filed the motion to recuse on the day of trial. Needless to say, the cause was not tried on May 10. Moreover, Hamlett would later barter with the local city attorney for a plea bargain acceptable to her client and represent, during those negotiations, that if such a deal were struck, the motion to recuse would be withdrawn. Disciplinary Rule 3.02 states that "[i]n the course of litigation, a lawyer shall not take a position that unreasonably increases the costs or other burdens of the case or that unreasonably delays resolution of the matter." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.02(a). Utilizing an ill-founded motion to recuse (as here) to secure the continuance of a trial is more than a scintilla of evidence permitting a reasonable fact-finder to conclude that Hamlett took a position in the course of litigation that unreasonably delayed resolution of the matter. So, legally sufficient evidence also supports the trial court's finding that she violated Rule 3.02. With that, we go no further.

Hamlett's issues are overruled, and the judgment publically reprimanding Laurie Ray Hamlett is affirmed.

Per Curiam