**Affirmed and Memorandum Majority and Memorandum Concurring Opinions filed May 7, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00751-CV

## IN THE INTEREST OF C.M., A CHILD

**On Appeal from the 312th District Court
Harris County, Texas
Trial Court Cause No. 1999-37893**

## M E M O R A N D U M   C O N C U R R I N G   O P I N I O N

As to each of his appellate complaints, appellant Danny Lee McKee had to preserve error in the trial court. Because he did not do so, this court should affirm the trial court's final order without addressing the merits of those complaints.

The Supreme Court of Texas has recognized the strong policy supporting Texas's longstanding preservation-of-error requirement.[1] A timely and specific complaint alerts the trial court and the adversary to the purported error, giving both

---

[1] *See Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d 314, 317 (Tex. 2012) (per curiam).

a chance to remedy the problem and thus avert the need to raise the issue on appeal.[2] Requiring error preservation foils unfairness, gives deference to the trial court, and encourages the proper administration of justice by having the parties and the trial court tackle the issues before they reach the court of appeals.[3] In this way, the error-preservation rule spurs efficiency, prevents unnecessary expense, and safeguards judicial resources.[4] It also deters the gamesmanship that sometimes accompanies the exceptions to the error-preservation requirement.[5] For these and other reasons, subject to a narrow exception, Texas appellate courts in civil appeals are to step away from reviewing non-jurisdictional complaints raised for the first time on appeal.[6]

Challenging the trial court's final order of June 22, 2017, McKee presents two complaints in this appeal: (1) the trial court abused its discretion by issuing this order because the parties already have litigated "the underlying relief" ending in a final judgment denying relief; and (2) the trial court abused its discretion in this order by identifying payments and attorney's fees as child support and by authorizing wage withholding based on a finding that the obligation underlying the arrearages is a child-support obligation. McKee does not assert any complaint regarding the legal or factual sufficiency of the evidence; indeed, he concedes that no record was made of the evidentiary hearing that resulted in the trial court's final order. Rather than relying on any reporter's record, McKee argues that he can show reversible error based only on the clerk's record.

McKee's appellate complaints do not fall within the tight constraints of the

_____

[2] *See id.*

[3] *See id.*

[4] *See id.*

[5] *See id.*

[6] *See id.*

fundamental-error doctrine.[7] Therefore, even presuming that the absence of a reporter's record from the evidentiary hearing would not preclude McKee from showing reversible error, McKee still had to preserve his complaints for appellate review.[8] Yet, McKee did not raise either of his appellate complaints in the trial court.[9] He has not shown that he gave either the trial court or his adversary a chance to address these matters below. Nor has McKee offered this court any reason he should be excused from the preservation-of-error requirement and allowed to present these issues for the first time on appeal.

Because McKee failed to preserve error, this court cannot reverse the trial court's final order based on either of his appellate complaints.[10] Therefore, in keeping with binding precedent, this court should affirm the trial court's order without addressing the merits of McKee's appellate complaints. Because the majority does not do so, I respectfully decline to join the majority opinion. But, given McKee's failure to preserve error, he cannot prevail in any event, so I concur in this court's judgment.


/s/   Kem Thompson Frost
      Chief Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan (Hassan, J., majority).

---

[7] *See In re B.L.D.*, 113 S.W.3d 340, 350–52 (Tex. 2003).

[8] *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003).

[9] *See Laguan v. U.S.Bank Trust, N.A.*, No. 14-14-00577-CV, 2016 WL 750172, at *3–4 (Tex. App.—Houston [14th Dist.] Feb. 25, 2016, no pet.) (mem. op.). McKee did not raise either complaint in his motion for new trial.

[10] *See Tex. R. App. P.* 33.1(a); *In re L.M.I.,* 119 S.W.3d at 711; *In re B.L.D.,* 113 S.W.3d at 350–52; *Laguan*, 2016 WL 750172, at *3–4.