

# Fourth Court of Appeals
## San Antonio, Texas

April 15, 2020

No. 04-19-00574-CV

**MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC** and United Wireless
Holdings, Inc.,
Appellants

v.

**REED AND SCARDINO, LLP.**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI20409
Honorable Larry Noll, Judge Presiding

# O R D E R

Sitting:      Luz Elena D. Chapa, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Mobile Telecommunications Technologies, LLC and United Wireless Holdings, Inc. (collectively, "MTEL") appeal the trial court's judgment confirming an arbitration award. A question has arisen regarding this court's jurisdiction over the appeal.

In the trial court, Liquid Litigation Management, Inc. ("LLM") filed a breach of contract action against Reed & Scardino LLP ("R&S"). R&S filed a third party action against MTEL for breach of contract and promissory estoppel and sought indemnification, subject to a then-pending arbitration proceeding between R&S and MTEL. The arbitrator subsequently issued an award, and R&S sought confirmation of the award in the trial court. On July 26, 2019, the trial court signed a judgment confirming the arbitration award. On August 26, 2019, MTEL filed a notice of appeal. In two issues, MTEL argues the trial court erred in denying its motion to transfer venue and in confirming the award. In its reply brief, MTEL asserts this court lacks jurisdiction over the appeal because the judgment on appeal is not final.

Jurisdiction of the court of appeals is an issue that may be raised at any time. We agree with MTEL that the judgment confirming the arbitration award is not a final judgment. There has not been a conventional trial on the merits, the judgment does not dispose of LLM's claims

against R&S, and the judgment does not "state with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). The trial court's judgment confirming the arbitration award is therefore interlocutory and is appealable only if specifically authorized by statute. *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012).

The Texas Arbitration Act specifically provides that "[a] party may appeal a judgment or decree entered under this chapter or an order . . . confirming . . . an award." TEX. CIV. PRAC. & REM. CODE § 171.098(a)(3). The Texas Supreme Court has recognized this section as authorizing an interlocutory appeal of a trial court order confirming an arbitration award. *Bison*, 422 S.W.3d at 585. The Act's procedural provisions, including those regarding appellate jurisdiction, govern in Texas courts unless the arbitration agreement is excluded from the scope of the Act,. *Id.* at 585; *see* TEX. CIV. PRAC. & REM. CODE § 171.002 (Scope of Chapter). The agreement and claims in this case are within the scope of the Act. We conclude the trial court's judgment confirming the arbitration award is not final, but is subject to interlocutory appeal.

However, an appeal from an interlocutory order is accelerated. TEX. R. APP. P. 28.1; *see Yazdchi v. Bennett Law Firm*, No. 14-01-00928-CV, 2002 WL 1163568, at *1 (Tex. App.—Houston [14th Dist.] May 30, 2002, no pet.) (per curiam) (holding appeal of interlocutory order confirming arbitration award was accelerated). MTEL's notice of appeal was therefore due August 15, 2019, twenty days after the trial court's interlocutory judgment was signed, or a motion for extension of time to file the notice of appeal was due fifteen days later on August 30, 2019. *See* TEX. R. APP. P. 26.1(b), 26.3. MTEL's notice of appeal was not filed until August 26, 2019, and it did not file a motion for extension of time to file the notice of appeal.

MTEL's notice of appeal was not timely filed, but was filed within the fifteen day period for filing a motion for extension of time. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal timely. *See id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C); *see also Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989).

We order a response from MTEL by **April 27, 2020**, offering a reasonable explanation for failing to timely file the notice of appeal. If appellant fails to satisfactorily respond within the time provided, the court will deny the implied motion for extension of time and dismiss the appeal. See Tex. R. App. P. 42.3(a), (c).

It is so **ORDERED** on April 15, 2020.

**PER CURIAM**

ATTESTED TO: 

MICHAEL A. CRUZ
CLERK OF COURT