COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       *DRC Construction v. Kelly Pickle*

Appellate case number:    01-20-00576-CV

Trial court case number:   CV-0086962

Trial court:               County Court at Law No. 3 of Galveston County, Texas

In the underlying proceeding, appellant DRC Construction sued appellee Kelly Pickle for violation of the Deceptive Trade Practices Act ("DTPA"). Pickle moved to dismiss the DTPA cause of action under Rule 91a of the Texas Rules of Civil Procedure and reserved the right to put on evidence concerning his attorney's fees. *See* TEX. R. CIV. P. 91a.1 (providing mechanism for dismissal of cause of action on ground that it has no basis in law or fact), 91a.7 (providing that trial court may award reasonable and necessary attorney's fees to prevailing party on motion to dismiss). On August 4, 2020, the trial court signed an order granting Pickle's Rule 91a motion and dismissing DRC Construction's DTPA cause of action with prejudice.

On August 12, 2020, DRC Construction filed an amended petition that added a claim for breach of contract. On this same date, DRC Construction filed a notice of appeal of the trial court's August 4, 2020 order that dismissed the DTPA cause of action.

On August 14, 2020, Pickle moved for a determination of his attorney's fees as a prevailing party under Rule 91a. Pickle supported his motion with an unsworn declaration from his counsel and with redacted billing records. A ruling on this motion does not appear in the appellate record.

"Unless specifically authorized by statute, Texas appellate courts only have jurisdiction to review final judgments." *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012). A judgment rendered prior to trial is final and appealable "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001); *see Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam)

("Intent to render a final judgment is demonstrated by a 'clear indication that the trial court intended the order to completely dispose of the entire case.'") (quoting *Lehmann*, 39 S.W.3d at 205).

Although there is a ruling in the record disposing of DRC Construction's DTPA cause of action, the record does not contain a ruling disposing of DRC Construction's breach of contract cause of action or a ruling disposing of Pickle's request for attorney's fees. It therefore appears that the order being appealed—the trial court's August 4, 2020 order granting the Rule 91a motion and dismissing the DTPA cause of action—is not a final judgment over which this Court has appellate jurisdiction.

Accordingly, the Court **notifies** the parties that this appeal is subject to dismissal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). The Court **orders** the parties to file a response **within 14 days from the date of this order** on the jurisdictional issue. If necessary, the parties shall request the trial clerk to supplement the clerk's record with any omitted items necessary to show this Court's jurisdiction over this appeal. *See* TEX. R. APP. P. 34.5(c)(1).

**Failure to comply with this order may result in dismissal of this appeal for want of jurisdiction**. *See* TEX. R. APP. P. 42.3(a); *see also* TEX. R. APP. P. 42.3(c) (authorizing dismissal of appeal if appellant fails to comply with order from this Court within specified time).

It is so ORDERED.


Judge's signature: /s/ April L. Farris

☒ Acting individually    ☐ Acting for the Court

Date: November 2, 2021