

# NUMBER 13-22-00142-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **DAVID GORDON MAYES,** | **Appellant,** |
| **v.** | |
| **HEATHER RENEE SLAGLE F/K/A HEATHER RENEE MAYES,** | **Appellee.** |

## On appeal from the 220th District Court of Bosque County, Texas.

# MEMORANDUM OPINION

## Before Justices Benavides, Hinojosa, and Silva
## Memorandum Opinion by Justice Silva

This matter is before the Court on appellee's motion to dismiss and motion for sanctions.[1] On July 9, 2021, the trial court ordered Robert R. Flores, former counsel for

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

David Mayes, to pay sanctions in the amount of $7,500 to Heather Renee Slagle f/k/a Heather Renee Mayes. On August 11, 2021, Flores filed a motion seeking to set aside the order for sanctions and the trial court denied the motion on March 4, 2022.[2] On August 27, 2021, the trial court entered an agreed final decree of divorce, which reaffirmed the order for sanctions. Appellee sought and received an order for enforcement, signed by the trial court on March 4, 2022, which required Flores to pay the sanction within fourteen days. Thereafter, Flores filed a notice of appeal on March 8, 2022.

On April 13, 2022, the Clerk of this Court sent Flores a notice, directing Flores to demonstrate that this Court had jurisdiction of his appeal within ten days. Flores has failed to respond to our letter. On May 6, 2022, appellee filed a motion to dismiss the appeal for want of jurisdiction and a motion for sanctions.

Generally, a notice of appeal must be filed within thirty days after a final judgment is signed, or if a timely motion for new trial or motion to modify judgment is filed, within ninety days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a); *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) ("Unless specifically authorized by statute, Texas appellate courts only have jurisdiction to review final judgments." (citing TEX. CIV. PRAC. & REM. CODE ANN. § 51.014)). "Generally, an order made for the purpose of carrying into effect an already-entered judgment is not a final judgment or decree and cannot be appealed as such." *Kennedy v. Hudnall*, 249 S.W.3d

---

[2] According to appellee, on October 22, 2021, a hearing was set on Flores's motion to set aside the order for sanctions, but Flores was unable to appear. Flores did not reset the hearing.

2

520, 523 (Tex. App.—Texarkana 2008, no pet.). "If the order is not an appealable one, jurisdiction does not attach in the court of appeals." *Id.*

The trial court's March 4, 2022 order is not a final appealable order. *See id.* The time to file a notice of appeal from the final appealable order has long-since passed. *See* TEX. R. APP. P. 26.1. As such, this Court is without jurisdiction to entertain Flores's appeal from it. Having not responded to our directive to demonstrate this Court's jurisdiction over the order in question, we grant appellee's motion to dismiss this appeal for want of jurisdiction. *See id.*, R. 42.3(a), (c). Appellee's motion for sanctions is denied.

CLARISSA SILVA
Justice

Delivered and filed on the
9th day of June, 2022.