

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00192-CV

———————————————

DELORIS PHILLIPS, Appellant

V.

SUGAR CREEK APARTMENTS, Appellee

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2022-001468-2

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In December 2022, the trial court entered a default judgment in favor of Appellant Deloris Phillips. *See Phillips v. Sugar Creek Apartments*, No. 02-23-00107-CV, 2023 WL 3643674, at *1 (Tex. App.—Fort Worth May 25, 2023, no pet. h.) (mem. op.). Several months later—after the trial court's plenary power had expired[1]— Appellant filed a post-judgment motion related to preservation of the record, then she attempted to appeal from the corresponding order denying her motions. *Id.* Because the order was not appealable, we dismissed the appeal for want of jurisdiction. *Id.*

Now, Appellant attempts to appeal from two new post-judgment orders:[2] (1) an order denying her motions to appoint counsel and a special master, and (2) an order denying her motion to amend the judgment. Again, these orders are not appealable.

"Unless specifically authorized by statute, Texas appellate courts only have jurisdiction to review final judgments." *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 205

---

[1]"When . . . an order or judgment is rendered by a trial court after its plenary power has expired," even if that order or judgment is appealable, "an appellate court's jurisdiction is limited to setting aside the order or judgment and dismissing the appeal for want of jurisdiction." *Haider v. Associated Props., L.P.*, No. 02-21-00181-CV, 2022 WL 4373605, at *1 (Tex. App.—Fort Worth Sept. 22, 2022, no pet.) (per curiam) (mem. op.).

[2]The two post-judgment orders were signed in June 2023, after we handed down our opinion in *Phillips*. *See* 2023 WL 3643674, at *1 (reflecting date of May 25, 2023).

(Tex. 2001). No statute authorizes an appeal from an order denying a motion to amend a judgment, denying a motion to appoint counsel, or denying a motion to appoint a special master. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a); *Regalado v. Securus Techs.*, No. 02-23-00089-CV, 2023 WL 3370727, at *1 (Tex. App.—Fort Worth May 11, 2023, no pet.) (mem. op.) (noting order denying motion to appoint counsel is not appealable). And such orders are not final judgments either. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) ("[A] judgment is final either if 'it actually disposes of every pending claim and party' or 'it clearly and unequivocally states that it finally disposes of all claims and all parties.'" (emphasis altered) (quoting *Lehmann*, 39 S.W.3d at 205)).

Accordingly, we notified Appellant of our concern that we lacked jurisdiction over this appeal and warned that we would dismiss the appeal unless, within ten days, she showed grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. More than a month has passed, and we have not received a response.

We therefore dismiss Appellant's attempted appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: July 13, 2023

3