

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00261-CV

———————————————

J.E. PENDLETON, Appellant

V.

X. CORP., A DELAWARE CORPORATION HEADQUARTERED IN BASTROP, TEXAS, Appellee

---

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-375721-26

---

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant J.E. Pendleton attempts to appeal from the trial court's April 23, 2026 dismissal order. *See* Tex. R. Civ. P. 91a. The order specifically states that Appellee is the prevailing party, that it shall recover all costs and its reasonable and necessary attorney's fees, and that the trial court will determine the amount of such fees and costs "upon proper application."

Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments. *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) (op. on reh'g). Because no statute authorizes an interlocutory appeal in this case, this court has jurisdiction over this appeal only if the trial court's dismissal order is a final judgment. *See DRC Constr. v. Pickle*, No. 01-20-00576-CV, 2022 WL 479918, at *4 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, no pet.) (recognizing that "[n]o statutory or other authority allows for an interlocutory appeal from an order that grants a Rule 91a motion to dismiss but does not dispose of all pending claims"). Where, as here, a judgment is rendered without a conventional trial on the merits, the judgment "is not final unless (1) it actually disposes of every pending claim and party or (2) it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so." *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205–06 (Tex. 2001). The trial court's dismissal order does neither.

While the dismissal order disposes of all of Pendleton's claims with prejudice, Appellee's claim for attorney's fees remains pending. *See Carroll v. Metro Office Equip., Inc.*, No. 02-22-00087-CV, 2022 WL 1682156, at *2 (Tex. App.—Fort Worth May 26, 2022, no pet.) (citing *DRC Constr.*, 2022 WL 479918, at *3–4, which recognized that a request for fees under Rule 91a is "an affirmative claim for relief" that, if left pending, can prevent a judgment from being final). Although the order purports to award Appellee attorney's fees, it does not specify the amount of fees awarded and thus fails to dispose of the claim. *See id.* (holding Rule 91a dismissal order interlocutory when dismissal order awarded attorney's fees but left amount blank).

Nor does the dismissal order contain "clear and unequivocal" language of finality. Nothing in the order states that it "disposes of all parties and all claims and is appealable," nor is there anything in the record indicating a similar intent. *See id.* (citing *Jones*, 629 S.W.3d at 924, which noted that "[t]alismanic phrases are not required or dispositive," but that the quoted statement would leave no doubt as to the trial court's intention). Rather, the dismissal order clearly leaves an unresolved matter: the amount of fees to be awarded. *See id.*

Because the fee issue is still pending, the dismissal order is not final. Accordingly, we notified the parties of our concern that we lacked jurisdiction over this appeal and warned that we would dismiss the appeal unless, by May 7, 2026, a

party showed grounds for continuing it.  *See* Tex. R. App. P. 42.3(a), 44.3.  Neither party timely responded to our letter.[1]

Because the dismissal order is not a final judgment and because an interlocutory appeal of the order is not authorized by statute, we conclude that we lack jurisdiction over the appeal.  We therefore dismiss the appeal for lack of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered:  May 28, 2026

---

[1]After the deadline to respond had passed, Pendleton emailed the court the following:

> On April 29, I filed a docketing statement in 02-26-00261-CV making clear that the appeal is from a final judgment that disposes of all parties and issues. . . .  I left a comment in the envelope citing Lehmann v. Har-Con Corp., 39 S.W.3d 191 (Tex. 2001) ("it is a final judgment as to all claims and all parties").

Pendleton's docketing statement and the citation that he provided do not show grounds for continuing this appeal.